## SISTRUNK v. UNITED STATES.
### No. 11907.

Circuit Court of Appeals, Fifth Circuit.
June 9, 1947.
Rehearing Denied Aug. 11, 1947.

Joe H. Jones and Howard Dailey, both of Dallas, Tex., for appellant.

William Cantrell, Jr., Asst. U. S. Atty, of Dallas, Tex., for the United States.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

PER CURIAM.

Three errors are argued.

█ 1. George Jenkins was the main witness against appellant, Mildred Sistrunk. She had testified to bad feeling between Jenkins and herself. On cross-examination she was asked: "You testified that you had this little trouble with George Jenkins— you are not the one that shot George Jenkins last term of court, are you?" She answered "No." That is the entire record on the point. There was no objection, or ruling by the court. It is now argued that the shooting of Jenkins had been a matter of public notoriety, and that it was unfair to impute it to the accused. All we know is what is quoted above—a simple question and a simple answer. We are unable to say there was such prejudice as to vitiate the trial.

█ 2. Appellant as a witness was asked by way of impeachment if she had not been convicted of a named felony, and had been put on probation, which was revoked; all of which she admitted. On redirect examination she was about to testify that the wife of Jenkins had caused the revocation of the probation, but the court on objection excluded inquiry into the justice of the former proceedings. It does not appear just what was offered to be proved, but we think the exclusion was not error. The conviction of felony and not the revocation of probation is the impeaching fact. We find no error in the ruling.

█ 3. After the charge to the jury was given the judge asked both counsel if there was any requests for further instructions. Counsel for appellant said, "None; except I think the jury should be instructed that the finding of the indictment is no evidence of guilt." The judge replied, "I think the court's charge in effect tells the jury that all persons are presumed to be innocent until their guilt is established beyond a reasonable doubt." The charge as delivered described the indictment and

the allegations in each count and says: "To that indictment and the charges therein contained the defendant has entered a plea of not guilty. This requires proof of such allegations on the part of the government. All people are presumed to be innocent until their guilt is established by competent evidence beyond a reasonable doubt." This clearly differentiates the allegations of the indictment from the evidence necessary to sustain them. Nothing further was necessary in the absence of a written request under Rule of Criminal Procedure 30, 18 U.S.C.A. following section 687.

The judgment is
Affirmed.