Ottis Mayo JONES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7175.

United States Court of Appeals Fourth Circuit.

Argued June 5, 1956.

Decided June 18, 1956.

authorized by Watson to sign his name, as in the Greathouse case. The contention now made that he sometimes used the name of Watson as his own name is without merit in view of the fact that in handling the drafts he was representing himself to be Jones. Other questions raised by appellant, to the effect that an assistant United States Attorney had talked to a juror and that the record certified to this court is not accurate, are so lacking in any substance as not to warrant either discussion or notice.

Affirmed.

No attorney for appellant.

J. Jefferson Miller, II, Asst. U. S. Atty., Baltimore, Md. (Walter E. Black, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

## PER CURIAM.

This is an appeal in a criminal case in which appellant was convicted and sentenced for the crime of interstate transportation of forged securities in violation of 18 U.S.C. § 2314. The securities involved were drafts payable to appellant and purporting to be signed by M. J. Watson. Watson was the name of a fictitious person; and the signing of that name by appellant was the forgery alleged. Forgery may be predicated of the use of an assumed or fictitious name when this is with intent to defraud. Lyman v. State, 136 Md. 40, 109 A. 548, 9 A.L.R. 401 and note. And a draft is a security within the meaning of the statute. 18 U.S.C. § 2311. The case here is distinguishable from that presented in Greathouse v. United States, 4 Cir., 170 F.2d 512 in that appellant here did not disclose that he had signed Watson's name to the draft or pretend that he was