**UNITED STATES of America**
**v.**
**Ottis Mayo JONES.**
**Cr. No. 23394.**

United States District Court D. Maryland, Criminal Division.
Jan. 3, 1957.

Walter E. Black, Jr., U. S. Atty., and J. Jefferson Miller, II, Asst. U. S. Atty., Baltimore, Md., for the United States.

Ottis Mayo Jones, pro se.

ROSZEL C. THOMSEN, Chief Judge.

The pending motion raises the question when the defendant should be considered as having begun to serve his sentence.

Jones was found guilty by a jury on several counts charging interstate transportation of forged securities, in violation of 18 U.S.C. § 2314, and on February 2, 1956, was sentenced by Judge Chesnut to serve a term of seven years. On February 3, while still in the Baltimore City Jail, where he had been held pending trial, Jones signed an election not to begin serving his sentence at once.

He was kept in the Baltimore City Jail until March 7, during which time he entered an appeal to the Court of Appeals for the Fourth Circuit, and filed a formal election not to serve, his designation as to the contents of the record on appeal, an application for leave to proceed in forma pauperis and affidavit in support thereof, and a statement of "Grounds to Reverse and Remand for Trial". Jones acted pro se throughout the proceedings in this court and in the Court of Appeals, although he had been offered the assistance of counsel without cost to himself both by Judge Chesnut and by me.

Through an error in the Department of Justice, Jones was transferred to the Federal Penitentiary in Atlanta, Georgia, on March 8, 1956. He immediately wrote to Chief Judge Parker of the Court of Appeals for the Fourth Circuit, calling attention to his election not to serve, and requesting the Court of Appeals to order his return to the Baltimore City Jail or to Lorton, Virginia, where he "could have visits and the right to prepare (his) legal papers in proper person". The Baltimore City Jail refused to receive Jones because he was considered a trouble maker, so he was given his choice of Lorton, Virginia, or the District of Columbia Jail; he chose the latter, arrived there on March 28, and remained there until his case was decided by the Court of Appeals.

On April 18, Jones filed a motion in this court to correct or supplement the record on appeal. He was brought over from Washington and given a hearing by Judge Chesnut on May 24. On the same day Judge Chesnut filed a memorandum opinion and order overruling the motion to correct or supplement the record, but directed that the motion and the proceedings before him be sent to the Court of Appeals as a supplement to the record.

Jones filed no brief in the Court of Appeals. That Court heard the case on June 5, and affirmed the judgment 4 cir., 234 F.2d 812. Jones was notified that his sentence began as of June 19, 1956, the date of the affirmance. The mandate of the Court of Appeals was received by the clerk of this court on July 3. On July 11, Jones filed in the Court of Appeals a petition for rehearing, which contained a brief discussion of the per curiam opinion of the Court of Appeals, and several claimed grounds for a rehearing; he referred in passing to his election not to serve, but did not request any ruling with respect thereto. The petition for rehearing was denied on July 23.

On August 27, Jones filed in this court a motion in the nature of coram nobis, a petition for a writ of habeas corpus, and other motions, which came on for hearing before me on September 11. Those motions were denied, and he was remanded to custody. D.C. 147 F.Supp. 265. In the course of the hearing on September 11, Jones called my attention to some of the facts set out above in this opinion and said: "The question is the election; did it have effect or did it not? And if it did have effect, why was I removed from this District to make it more difficult for me to file my papers in the Court of Appeals, and if it was not in effect why didn't it start on the day of the imposition of sentence?" I told Jones that I would consider his oral motion to be a proper motion or petition for whatever relief he might be entitled to under the circumstances.

■■ It is not clear whether a defendant who elects not to serve is entitled to be kept in the district where he was convicted or only in the circuit where he was convicted. The government concedes that Jones should at least have been kept somewhere in the Fourth Circuit pending the outcome of his appeal. But the government suggests that the pending motion is premature, and that the question should be raised by habeas corpus at the time the sentence expires. That procedure, however, would not be practical or effective in this case. It seems much wiser for the sentencing court to entertain a motion under Rule 57(b), F. R.Crim.P., 18 U.S.C.A., and, if necessary to correct the sentence.

■ I find as a fact that Jones was not prejudiced by his short stay in Atlanta. No hard and fast rule, applicable to every

case, exists or is desirable. Under all the circumstances of this case, it is just and fair that service of the sentence should be considered to have begun on March 8, when Jones was first taken out of the circuit. I hold, therefore, under Rule 57 (b), that Jones should be considered as having begun to serve his sentence on March 8, 1956. It is so ordered.