Clyde W. **FOWLER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16098.

United States Court of Appeals Fifth Circuit.

March 29, 1957.

---

JONES, Circuit Judge.

The appellant, Clyde W. Fowler, and his half-brother, Albert Lee Fowler, were indicted for conspiracy to cause to be transported in interstate commerce, and for the substantive offense of transporting and causing to be transported in interstate commerce, falsely made, forged, altered and counterfeited securities, in violation of 18 U.S.C.A. § 2314. Albert Lee Fowler entered a plea of guilty. Clyde entered a plea of not guilty and was put on trial. Clyde was in the used car business in Macon, Georgia. Albert had been associated with him. Albert owed Clyde about $2,000.00. Clyde said he wanted the money. Albert told Clyde the only means he had of paying him would be to buy some automobiles with bad checks. Clyde replied that he didn't care how Albert got the money but not to put his [Clyde's] name on any bad checks. On a Monday morning in August, 1954, Clyde loaned Albert $150.00 over the protest of Clyde's wife. Clyde authorized his employee or former employee, Arthur Rowland, to go with Albert to Chicago. Clyde directed Rowland to get a tow-bar and put it in one of Clyde's cars. Clyde loaned Albert three tow-bars on this occasion. Albert, Arthur Rowland, and Robert Edwards took the bus that day for Chicago. In Chicago Albert bought a 1952 Pontiac and a 1953 Plymouth from Tony Piet Motor Sales, Incorporated, for $1,900.00. As payment Albert tendered and the seller took an envelope draft drawn by the seller to its order on M. J. Fowler, who is Clyde's wife. The designation of the drawee was in this manner:

"To: M. J. Fowler
 "C/o Citizens & Southern National Bank
 "Macon, Georgia
"Per [Signed] C. W. Fowler
 "C. W. Fowler"

All of the above was typewritten except the purported signature of C. W. Fowler and it was written by Albert Lee Fowler. Albert started these cars for Georgia by Rowland and then acquired two 1951

Jack J. Gautier, Macon, Ga., for appellant.

Floyd M. Buford, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

Fords from Hanks Auto Sales for an agreed price of $1,300.00, and a 1953 Plymouth from Ferrell Hicks Chevrolet Company for $1,175.00. For these he gave checks on The First National Bank & Trust Company in Macon, to which he affixed the signature, "M. J. Fowler, By Lee Fowler". These last acquisitions were taken by Robert Edwards and Albert Lee Fowler to Georgia.

On his way back from Chicago, Rowland found himself in Atlanta without gasoline and without money. He telephoned the appellant, Clyde W. Fowler, and asked for money to be sent for gasoline. Clyde declined but said he would get in touch with Albert. Albert called Rowland and told him to pawn a spare tire for gasoline money. This Rowland did, and drove on in to Macon where he arrived about three o'clock in the morning. Clyde Fowler later sent for and had the tire redeemed. Rowland drove to Clyde's home. Clyde undertook to tell Rowland where Albert could be found, but Albert was not then located and Clyde arranged for Rowland to get gasoline to be paid for by Albert. Rowland pulled out for Valdosta, Georgia, driving the one car and towing the other. Edwards brought the two Fords from Chicago to Macon and from there to Valdosta. Albert took the Plymouth acquired from Hicks to Macon and on to Valdosta. At Valdosta the cars were sold at an auction conducted by Tom Hewitt Auto Auction Co. for approximately $4,100.00. Clyde attended the auction. Albert rode with Clyde in the car of the latter to Kathleen, Georgia, where Albert's mother-in-law lived. After a two-day visit there and elsewhere with relatives, Albert returned to Macon, went to Clyde's home where, so Albert testified, he gave Clyde one of the checks he had received from the auction, it being for $995.00 and payable to Fowler Motor Co. At the same time Albert, so he testified, paid Clyde $505.00 in cash. Although Clyde denied most of the evidence which told against him, much of Albert's testimony was corroborated. Clyde denied receiving the $505.00 and the check for $995.00 but there was evidence that he had the check, which was drawn on a Valdosta bank, handled for collection by a Macon bank which remitted the proceeds, less a collection charge, by its check or draft payable to Fowler Motor Company, and mailed to it at Clyde's address in Macon. Clyde denied receiving it. By other evidence it was shown that Clyde had made an unsuccessful effort to get the remittance check cashed by having it presented by another.

The appellant was found guilty on both counts of the indictment and was sentenced to imprisonment for two years. He appeals, specifying as errors that (1) the court should have granted his motions for judgment of acquittal, (2) evidence of acts and statements of Albert Lee Fowler made out of appellant's presence was improperly admitted, and (3) the jury should have been given the requested charge that if the jury found that appellant simply received part of the proceeds of automobiles bought with forged and falsely made checks without knowing about it at the time, he would be not guilty.

The first specification of error is predicated upon the insufficiency of the evidence to make a case for the jury. The law has been clearly stated in the decisions of this court as to the character of evidence required to sustain a conspiracy conviction. Thus it has been held:

"Any substantial evidence of knowledge and participation in conspiracy will justify a verdict of guilty. A conspiracy is a combination of two or more persons, by concerted action, to accomplish a criminal or unlawful purpose, or some purpose not in itself criminal or unlawful, by criminal or unlawful means. No formal agreement between the parties is essential to the formation of the conspiracy, for the agreement may be shown by concerted action, all the parties working together understandingly, with a single design for the accomplish-

ment of a common purpose. [Citing cases.]

"The existence of a conspiracy may be shown by inference. It may be established by circumstantial evidence. [Citing cases.]

"If there is any substantial evidence before a jury on which to base a conviction, this court will not disturb the verdict and will not inquire into or measure the weight of the evidence. In such a case, a request for a peremptory instruction of not guilty is properly refused." Beland v. United States, 5 Cir., 1938, 100 F. 2d 289, 291. See Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, rehearing denied Kretske v. United States, 315 U.S. 827, 62 S. Ct. 629, 86 L.Ed. 1222; Roth v. United States, 315 U.S. 827, 62 S.Ct. 637, 86 L.Ed. 1222; Duke v. United States, 5 Cir., 1956, 233 F.2d 897.

There is ample evidence, which we need not again review, to meet the tests which the precedents require.

■■■ The second specification of error raises the question as to the admissibility of evidence as to statements made by Albert Lee Fowler out of the presence of the appellant. The evidence as to declarations of one alleged conspirator is admissible against an alleged co-conspirator only if there is other proof connecting the latter with the conspiracy. Glasser v. United States, supra; Fallen v. United States, 5 Cir., 1955, 220 F.2d 946. Such evidence was present in the case before us. No error was committed.

■■■ The point urged by the third specification is that the most the evidence showed was the receipt by the appellant of some of the fruits of his brother's guilt and there was no knowledge shown that appellant knew the unlawful manner by which the funds were acquired and that, in any event, he could have been convicted only as an accessory after the fact, an offense not charged in the indictment. The appellant says that there should be a reversal because the jury was not so instructed. The appellant did not make a timely request for a charge and did not comply with Rule 30, Fed.R.Crim.Proc. 18 U.S.C.A. We need not comment upon the charge given other than to say it was full and adequate. The specification of error need not be considered. Sistrunk v. United States, 5 Cir., 1947, 162 F.2d 188; McDonald v. United States, 5 Cir., 1952, 200 F.2d 502; White v. United States, 5 Cir., 1952, 200 F.2d 509, certiorari denied 345 U.S. 999, 73 S.Ct. 1142, 97 L.Ed. 1405, rehearing denied 346 U.S. 843, 74 S.Ct. 17, 98 L.Ed. 363.

■■■ By argument at the hearing and by a supplemental brief filed after hearing, the appellant says that we should reverse the conviction on the ground that the draft and checks here involved are not the type of instruments designated in the indictment and interdicted by the statute, 18 U.S.C.A. § 2314. Where questions are not presented to the trial court, and alleged errors are not specified, they are not ordinarily subject to review on appeal. However, consideration may be given to such points where necessary to prevent a manifest miscarriage of justice. It may be doubted that the checks signed "M. J. Fowler By Lee Fowler" fall within the description "falsely made, forged, altered, or counterfeited securities". Greathouse v. United States, 4 Cir., 1948, 170 F.2d 512, 513. We have no doubt that the draft on which Albert Lee Fowler affixed the purported signature of C. W. Fowler is a security within the terms of the statute, and his affixing the appellant's name thereto was a forgery. Jones v. United States, 4 Cir., 1956, 234 F.2d 812.

There is nothing in the record requiring reversal. The judgment appealed from is

Affirmed.