UNITED STATES of America, Plaintiff,

v.

Merle D. LONG, Defendant.

Crim. A. No. 14791.

United States District Court
W. D. Pennsylvania.

July 17, 1957.

fendant's conviction for income tax evasion for the years 1949, 1950, 1951 and 1953, 26 U.S.C.A. § 145(b).

### Motion for Judgment of Acquittal

Viewing the evidence in the light most favorable to the government as this court is required to do in consideration of a motion for judgment of acquittal, the government established that during the indictment years, defendant had earnings from Bethel Borough and Bethel School District for services as tax collector, from insurance companies for which he wrote policies, from a real estate business and from a Building and Loan Association. Proof of defendant's income was based upon the records of the Borough and School District, the insurance companies for which he sold insurance, his real estate business and the Building and Loan Association of which he was an officer. Defendant was given credit for all business deductions that could be determined, and all personal deductions claimed or to which he was entitled. In this manner, his net income was proved and since it substantially exceeded reported income, the difference was treated as unreported income.

Although defendant contended that he maintained books and records, he would not make them available either to the revenue agents or at trial. Upon trial, he gave such completely unrealistic and improbable explanations as to the net incomes reported by him on his tax return that the jury could well have concluded that he was purposely misrepresenting his correct net income.

I am satisfied that the government presented evidence upon which a jury could reasonably find that the defendant had substantially understated his income in each of the indictment years; that he had either maintained no books and records of his income and expenses or refused to make them available to the revenue agents; that he had refused to discuss with the investigating agents his income or expenses, and that the tax evaded as a result of the understatement was substantial.

D. Malcolm Anderson, U. S. Atty., and Hubert I. Teitelbaum, First Asst. U. S. Atty., Pittsburgh, Pa., for U. S.

Joseph I. Lewis, of Cooper, Hunter & Lewis, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a motion for judgment of acquittal and/or new trial following de-

Recognizing that the taxpayer's conduct during the investigation by revenue agents and his failure to keep books and records are cogent evidence of his wilfulness, and that the filing of false returns is sufficient, of itself, to show wilfulness, the element of wilfulness is not wanting. United States v. Croessant, 3 Cir., 178 F.2d 96; Myres v. United States, 8 Cir., 174 F.2d 329.

A motion for acquittal should be granted only where the evidence does not permit the conclusion of guilt beyond reasonable doubt within the fair operation of a reasonable mind. Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229. There having been sufficient evidence for the jury to find, as it did, that there was a substantial evasion of taxes and that the understatement was wilful and intentional, motion for acquittal will be refused.

## Motion for New Trial

Motion for new trial sets forth the following reasons:

1. The verdict is contrary to the weight of the evidence.

2. The verdict is not supported by substantial evidence.

3. The verdict is contrary to the weight of the law.

4. The court erred in permitting evidence that the defendant had availed himself of the Fifth Amendment at an inquiry attended by the defendant, without counsel, before three government agents.

5. Error was committed in the court's charge by failing to discuss the facts.

Defendant premises his argument that the verdict is against the evidence and against the law upon the proposition that in as much as the defendant had correctly reported his earnings as tax collector to the Commonwealth of Pennsylvania, there was no criminal intent to evade income tax. The jury could well draw the opposite inference—that the reporting of income

to the Commonwealth demonstrates that the defendant knew his true income and, therefore, his failure to report it on his income tax return was wilful. In view of the jury verdict, the government is entitled to the benefit of such an inference.

It is contended that the court erred in permitting evidence that the defendant had availed himself of the Fifth Amendment during his investigation by Internal Revenue Service.

The record discloses that the government witnesses in connection with proof of wilfulness made no reference to the Fifth Amendment and confined their testimony to evidence that the defendant at no time explained how he reached his tax figures or made available any books or records to assist Revenue Service in its investigation.

The court was meticulous in preventing any reference to defendant availing himself of the Fifth Amendment being referred to by the government. The initial reference to the Fifth Amendment was by the defendant himself in an unresponsive answer on cross-examination. The defense did not object nor move to strike the volunteered statement or any subsequent reference thereto.

When the jury had become apprised that defendant had invoked the Fifth Amendment at a preliminary investigation, the court immediately explained to the jury the privileges existing thereunder and emphatically instructed the jury that no inferences were to be drawn from the fact that defendant availed himself of it.[1]

In view of the careful explanation by the court, I am satisfied that defendant was not prejudiced by his own volunteered statement.

Defense counsel vigorously argues the proposition that the court erred in failing to discuss the facts in its charge. Defense counsel, in this connection, never requested such instructions at the court's conclusion of its charge to the jury and

1. The defendant counsel then stated: "I'm glad the court interpreted it."

never posed the alleged error until oral argument.

 The law appears well settled that where a defendant fails to make timely request for a particular charge and does not comply with the Federal Rules of Criminal Procedure pertaining to instructions, and the charge given was full and adequate, specification of error that the jury should have been instructed differently need not be considered. Rule 30, 18 U.S.C.A.; Fowler v. United States, 5 Cir., 242 F.2d 860.

I find it appropriate to state, however, that this member of the court has steadfastly adhered to the procedure of not discussing the facts in its instructions to the jury. I have pursued this policy in the interest of complete impartiality. I have found that a discussion of the facts invites misconceptions on the part of jurors who tend to interpret a judge's views by the emphasis placed on certain facts. To avoid the remotest possibility of any such misconception, I have meticulously avoided any discussion of the facts, and have left the interpretation, gathering and filtering of the evidence to the strict province of the jury.

The United States Courts have left the decision of whether to discuss the facts in the court's charge to judicial discretion. McGlothan v. Pennsylvania R. Co., 3 Cir., 170 F.2d 121; Vicksburg & Meridian R. Co. v. Putnam, 118 U.S. 545, 7 S.Ct. 1, 30 L.Ed. 257. It has been my experience that in order that strict neutrality and unswerving impartiality be maintained, said discretion should be exercised with the view to avoid judicial comment on the facts.

Upon a most careful review of the record and exhibits, and cognizant, as I must be, of the prerogative of the jury to resolve issues of credibility, and giving the government the benefit of all legitimate inferences to be drawn from the evidence, it is my judgment that the verdict of the jury is supported by substantial and ample evidence and that the verdict of guilty as to each count must be sustained. Glasser v. United States,

315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Nystrom, 3 Cir., 237 F.2d 218.

I further conclude that no error was committed in the conduct of the trial and the verdict of the jury should stand.

An appropriate Order is entered.

Order

And Now, this 17th day of July, 1957, motion of Merle D. Long, defendant, for judgment of acquittal and/or new trial will be and hereby is refused.

It Is Further Ordered and Decreed that Merle D. Long, defendant, appear before this member of the court on Thursday, August 8, 1957, at 10:00 A.M., D.S.T., for sentencing.