Ottis Mayo JONES, Appellant,

v.

ATTORNEY GENERAL OF THE UNITED STATES et al., Appellees.

No. 16506.

United States Court of Appeals
Eighth Circuit.

May 31, 1960.

**700**

Ottis Mayo Jones, pro se.

No appearance for respondents.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant seeks leave to prosecute his appeal in forma pauperis from a denial of a writ of habeas corpus made by the District Court on the face of his petition. The Court also had at the time of the filing of the Notice of Appeal by appellant addressed a letter to him, copy of which was duly made a part of its files and records, stating that "if you seek to appeal in forma pauperis I shall deny you the right to do so, as being entirely without merit, and therefore not taken in good faith." Appellant regarded this letter as being intended to constitute a cer-

tificate under 28 U.S.C.A. § 1915(a) that his appeal was not taken in good faith. We shall similarly treat it for purposes of his application here.

The record before us, consisting of the files and papers of the District Court, plainly warranted the Court in denying appellant's petition for a writ on its face as a matter of law, and also in refusing to allow him to prosecute an appeal therefrom in forma pauperis.

Appellant is an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri. His petition did not name the Warden of the Medical Center as the defendant, but ran against "The Attorney General of the United States, et al." The District Court, however, in view of its holding that the petition was without substance as a basis for any habeas corpus relief whatever, did not deem it necessary to consider the matter of his party designation.

The sentence which appellant is engaged in serving is one for conviction under 18 U.S.C.A. § 2314 of transporting a forged security in interstate commerce. He was convicted in the District Court for the District of Maryland and his conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit, Jones v. United States, 4 Cir., 234 F.2d 812. He has since engaged in various collateral proceedings in the District Court for the District of Maryland in relation to his grievances. See Jones v. Reid, 147 F.Supp. 265; United States v. Jones, 147 F.Supp. 268; Jones v. Federal Bureau of Investigation—United States, 139 F.Supp. 38.

His petition for a writ seeks to raise a number of questions which were inherent elements on his trial and so must be regarded as being legally settled thereby, and which therefore are not entitled to be examined in this collateral proceeding. Illustrative of these are his contentions that the security involved was not one that was within the provisions of 18 U.S.C.A. § 2314; that the security "was never subjected to interstate commerce, except by independent acts of F.B.I.

agents"; that he "did not commit forgery"; etc.

■ He further seeks to raise the contention that evidence was used against him which had been obtained by illegal search and seizure. The legality of a search and seizure and the admissibility of the evidence obtained thereby are questions for the trial proceedings and for an appeal from conviction, and are not matters which can be used to make a collateral attack upon the conviction and sentence. Barber v. United States, 10 Cir., 197 F.2d 815; United States v. Scales, 7 Cir., 249 F.2d 368; Wilkins v. United States, 103 U.S.App. D.C. 322, 258 F.2d 416; Plummer v. United States, 104 U.S.App.D.C. 211, 260 F.2d 729. Cf. also Bright v. United States, 8 Cir., 274 F.2d 696, 698.

■ Another contention made is that appellant was deprived of the testimony of his alleged wife (a Mrs. Florence Coursey, with whom he was living) through intimidation of her by the agents of the Federal Bureau of Investigation. This question was raised, tried and determined against appellant in Jones v. Reid, D.C.Md., 147 F.Supp. 265, 266, supra, where the Court said: "Mrs. Coursey testified that she had not been threatened by any agents of the Federal Bureau of Investigation. Jones offered no evidence which proved any such threats." Appellant is not entitled to another hearing on the question in this proceeding.

■ Appellant also seeks a determination of when the service of his sentence was legally commenced by him. He says he "finds it impossible to ascertain just when his * * * sentence starts and stops." The District Court for the District of Maryland, however, determined and settled for him when he should be considered as having begun to serve his sentence, in United States v. Jones, supra, 147 F.Supp. 268, 270. The question, as one in habeas corpus, can be of no further significance until the time has been reached when appellant has completed his sentence on the basis of the date fixed for its commencement by the District Court for the District of Maryland.

■ In his challenge of the trial court's certificate that his appeal is not taken in good faith appellant complains of the fact that the Court, instead of issuing an order to show cause why the writ should not be granted, had addressed a letter of inquiry to the United States Attorney for the District of Maryland and had taken into account information furnished by the latter in making denial of appellant's petition. As the trial court's order states and as the files of the Court show, all that the Court sought and obtained from the United States Attorney for the District of Maryland was a "clerk's record of the proceedings against petitioner". The provision of 28 U.S.C.A. § 2243, that a writ of habeas corpus or an order to show cause shall issue "unless it appears from the application that the applicant or person detained is not entitled thereto", does not preclude a court from taking judicial notice in relation to the application of the records underlying the petitioner's commitment. Dorsey v. Gill, 80 U.S.App. D.C. 9, 148 F.2d 857, 869, 870. And this right to take judicial notice extends not only to the records of the court in which the application for the writ is being made but to those of other courts as well. Wells v. United States, 318 U.S. 257, 260, 63 S.Ct. 582, 87 L.Ed. 746.

■ The appeal taken by appellant from the denial on its face of his application for a writ of habeas corpus plainly is frivolous. The certificate of the trial court that the appeal is without merit and so not taken in good faith can therefore not be said to be arbitrary or unwarranted. His motion made to us for leave to proceed in forma pauperis is accordingly denied.

In order to terminate the matter and clear the records both in the District Court and here, the appeal will be permitted to be docketed without payment of fee and it will thereupon be dismissed as being frivolous in that it presents no question of substance for appellate review.