**UNITED STATES of America**
v.
**Rudolph Joseph MILLER and George Virgil Slaughter.**
**Crim. No. 70–427.**

United States District Court,
E. D. Pennsylvania.

April 18, 1972.

Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for government.

Daniel I. Murphy, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

MASTERSON, District Judge.

Defendants, Rudolph J. Miller and George Virgil Slaughter, were indicted for interstate theft of an auto in violation of 18 U.S.C. § 2313. Slaughter pleaded guilty to the charge and Miller, professing innocence, was tried by a jury and found guilty on January 7, 1972. Presently before this court is Miller's motion for a new trial. In this motion, he raises a single issue: whether it was reversible error for this court, *sua sponte*, to charge the jury that they must not infer any guilt from the defendant's failure to testify in the case. For the following reasons we hold that this portion of the charge does not constitute error which would require a new trial.

At the close of the evidence, counsel for the defendant did not request that we omit any instruction on the defendant's failure to take the stand. Nothing was said on the issue. Thus, because we believe it is fairer to a defendant that the jury be cautioned not to make assumptions based on his failure to testify, we instructed the jury as follows:

"The burden in a criminal case never shifts to the defendant to prove his own innocence, so that you may not make any inference of guilt from the defendant's failure to take the witness stand. Under our system he has no duty or obligation to make any defense and that no inference of guilt can be properly drawn from his failure to testify."

After the charge was given, the defendant raised no objection to the part quoted above. Indeed, it was first alleged as error in defendant's motion for a new trial.

First, it is clear that the defendant did not comply with the requirements of

Rule 30, F.R.Crim.P. Rule 30 expressly requires that (1) "at the close of the evidence . . . any party may file written requests that the court instruct the jury on the law as set forth in the requests" and (2) "no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . ." In this case, defendant neither requested that we omit the disputed portion of the charge nor did he object to it at the close of the evidence. Under these circumstances, we need not even consider defendant's argument. See, Cohen v. United States, 366 F.2d 363 (9th Cir. 1966), cert. denied 385 U.S. 1035, 87 S.Ct. 771, 17 L. Ed.2d 682 (1966); Holder v. United States, 271 F.2d 214 (8th Cir. 1959), cert. denied 361 U.S. 933, 80 S.Ct. 372, 4 L.Ed.2d 354 (1959); Fowler v. United States, 242 F.2d 860 (5th Cir. 1957).[1]

Even if we were to consider defendant's contention, we find it without merit. Although it may be improper for a judge to charge a jury on the defendant's failure to take the stand where the defendant has expressly requested that such a charge not be given, (See Caton v. United States, 407 F.2d 367 (8th Cir. 1969), the courts have unanimously held that where no such request is made, it is not reversible error for the trial judge to extend such an instruction *sua sponte.* See United States v. Carter, 422 F.2d 519 (6th Cir. 1970); United States v. Rimanich, 422 F.2d 817 (7th Cir. 1970); United States v. Jones, 406 F.2d 1297 (9th Cir. 1969); United States v. Ballard, 418 F.2d 325 (9th Cir. 1969); United States v. Schwartz, 398 F.2d 464 (7th Cir. 1968); Hanks v. United States, 388 F.2d 171 (10th Cir. 1968); United States v. Garguilo, 310 F.2d 249 (2nd Cir. 1962). The rationale for this rule is that, as a part of trial strategy, the defendant ought to be permitted to have nothing said on the issue if he makes his desire known before the charge. On the other hand, if no request is made, it is the considered judgment of these appellate courts that a defendant is better off if such an instruction is given. We agree.

---

1. The *Fowler* decision indicates that where no request for instruction is made, nevertheless, a new trial may be in order where failure to give it constitutes a basic and highly prejudicial error. But this is not such a case.