THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE GRIESHABER, Appellant.— Appeal by defendant from an order of the County Court, Orange County, denying, after a hearing, his motion in the nature of a writ of error *coram nobis* to vacate and set aside a judgment of said court rendered in January, 1940, convicting him, on his plea of guilty, of the crimes of burglary in the second degree and grand larceny in the second degree. Order affirmed. Appellant failed to sustain the burden of establishing by clear and convincing proof that he was not advised of his right to counsel on his arraignment. (Cf. *People* v. *Barber*, 276 App. Div. 1040.) Nolan, P. J., Wenzel, MacCrate, Murphy and Ughetta, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AMEDO JOHN MARCHITELLI, Also Known as JOHN MARCH, Appellant.— Appeal by defendant from an order of the County Court, Queens County, denying his application in the nature of a writ of error *coram nobis* to vacate a judgment of said court convicting him of first degree perjury, on his plea of guilty, and sentencing him to a term of two to five years. Order affirmed. No opinion. Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HORACE WELSH, Appellant.— Order of the County Court, Kings County, denying appellant's motion in the nature of a writ of error *coram nobis* to vacate a judgment of that court, convicting him in 1931, on his plea of guilty, of the crime of burglary, third degree, affirmed. The order appealed from was made on the papers submitted, without a hearing. It appeared, however, from appellant's petition, that a previous application for the same relief had been made in 1947, and had been denied, after a hearing, by the same Judge who made the order appealed from. It was not contended on the instant application that any additional facts would be established, or that the testimony would be any different if a hearing *de novo* had been held than that which was received and considered on the hearing in 1947. On argument, counsel for appellant conceded that no new facts could have been shown, but contended that on the evidence adduced in 1947, the determination made by the County Judge was erroneous as a matter of law. Pursuant to the stipulation of the parties, we have considered on this appeal the minutes of the hearing in 1947, as though an appeal from the order made in 1947 had been consolidated with the instant appeal. In our opinion, the determination made at that time was amply supported by the record and was not, as appellant asserts, the result of attaching to the presumption of regularity a weight which was contrary to law. Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.