■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN MILO, Appellant.— Appeal from an order of the County Court, Queens County, entered after a hearing, denying appellant's application in the nature of a writ of error *coram nobis* to vacate a judgment of said court convicting him of attempted robbery in the first degree on his plea of guilty and sentencing him as a second felony offender. Order unanimously affirmed. In our opinion,

appellant failed to sustain by a preponderance of the credible evidence his contention that his constitutional and statutory rights to representation by counsel during arraignment, plea or sentence, were infringed (*People* v. *Barber,* 276 App. Div. 1040; *People* v. *Girardi,* 2 A D 2d 701; *People* v. *Cooper,* 307 N. Y. 253, 260; *People* v. *Conroy,* 1 A D 2d 513; *People* v. *Grieshaber,* 285 App. Div. 958). The People had no burden to establish that appellant was represented or advised by counsel (*People* v. *Oddo,* 283 App. Div. 497). The notations of "Defendant's Counsel" in the minutes, without designation of name, speaking as to the pleas of the two defendants named in the original indictment, do not establish appellant's contention that his codefendant's lawyer entered a plea of guilty on his behalf. Concededly, in the proceeding before the County Judge presiding at appellant's prior arraignment, mention was made of his lack of counsel and of his desire for representation. This was followed by the filing of an attorney's notice of appearance on appellant's behalf, and indorsement of such attorney's name on the indictment. Under the circumstances, the trial court was free to conclude that no deprivation of appellant's rights was established, particularly since other charges against the appellant in the original indictment were apparently not pressed (*People ex rel. Harrington* v. *Martin,* 263 App. Div. 922), and no fraud was practiced on appellant by the trial court, the District Attorney or the lawyer who filed the notice of appearance on his behalf, even if it be assumed that appellant agreed to, and did personally, enter the plea of guilty (*People* v. *Warnbrand,* 278 App. Div. 956). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.