Hyman Barshay, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment *402 dated April 15, 1942, convicting the defendant, on his plea of guilty, of the crime of robbery in the second degree, unarmed, and sentencing him, as a second felony offender, to a term of not less than 15 nor more than 30 years in State prison. The grounds urged by the defendant are that the plea of guilty was obtained by fraud and coercion and that he was denied adequate representation of counsel in violation of his constitutional and statutory rights.
A hearing was held at which the defendant testified as follows. William Leibowitz was assigned as his counsel. Upon his arraignment he pleaded not guilty. Thereafter he discussed the case with Mr. Leibowitz in the Raymond Street Jail. On March 13,1942 he appeared in court with counsel but the counsel of the codefendant William Weber was not present. The court then directed Mr. Leibowitz to represent William Weber. Mr. Leibowitz protested that he was not prepared to represent both defendants and requested an adjournment. The court denied the application. Counsel conferred briefly with both defendants and advised the court that the defendant, Stiehler, wished to proceed to trial and the defendant Weber, was desirous of pleading guilty to robbery in the second degree, unarmed. The Assistant District Attorney refused to separate the defendants, whereupon counsel asked for an adjournment. The application was denied. Mr. Leibowitz then told him that if he was convicted, he would be sentenced to 60 years in prison, whereas if he pleaded guilty, the court would be more lenient with him, and the codefendant would not have to stand trial. He thereupon pleaded guilty as aforesaid. On cross-examination he testified that on January 15, 1937 he was convicted of the crime of unlawful entry and sentenced to the New York City Reformatory ; that on April 18, 1938 he was convicted of the crime of robbery in the first degree and sentenced to the Elmira Reformatory ; that on October 14, 1941 he was paroled; that he pleaded guilty in this case although he was innocent; that he thought he was indicted for a robbery he had committed in Queens County to which he had confessed and re-enacted for the police; that Mr. Leibowitz discussed the case with him but did not give bim the details of the indictment; that prior to his pleading guilty, he did not tell Mr. Leibowitz he was innocent; that he did not proclaim his innocence to the probation officer prior to sentence.
William Leibowitz testified that he was assigned by the court to represent the defendant; that he visited the prison together with a lawyer who represented the codefendant; that subse *403 quently it was agreed to obtain the best disposition possible for each of the defendants; that if there had been a conflict of interest between the defendants, he would not have consented to represent Weber; that he knew from the indictment the crime with which the defendant was charged; that the defendant never told him he was innocent; that he told the defendant the best plea he could get was robbery in the second degree, unarmed; that he made no promise whatever as to sentence; that he has a recollection that Weber’s lawyer told him he could not appear in court but that he had arranged with his client, Weber, to plead guilty as aforesaid; that the following day, he advised the court; that Weber’s attorney was not available whereupon the court requested him to represent Weber who consented.
A prior application to vacate the judgment of conviction for noncompliance with the provisions of section 480 of the Code of Criminal Procedure was denied on February 25, 1958 and reargument was denied on April 9, 1958. A writ of habeas corpus on the same ground was denied in the Supreme Court, Cayuga County, on May 18, 1958, and approved by the Appellate Division (7 A D 2d 961); the Court of Appeals denied a motion for leave to appeal (6 N Y 2d 705). On June 22, 1959 the U. S. Supreme Court denied a writ of certiorari (360 U. S. 921). The U. S. District Court at Albany, N. Y. denied a writ of habeas corpus for violation of section 480 by order dated July 31, 1959, which was sustained by the U. S. Circuit Court of Appeals on November 13, 1959.
Upon an application such as this, the defendant has the burden of proof to show that his constitutional and statutory rights were infringed (People v. Oddo, 283 App. Div. 497; People v. Barber, 276 App. Div. 1040). His contentions must be established, clearly and convincingly by a preponderance of the credible evidence (People v. Milo, 4 A D 2d 679; People v. Adams, 1 A D 2d 783; People v. Grieshaber, 285 App. Div. 958, cert, denied 350 U. S. 1009).
Defendant’s testimony at the hearing, almost 20 years after the event, “ weighed in the light of petitioner’s interest, desire and ability to recall the details, can be an unsatisfactory and unreliable basis upon which to vacate a judgment of long standing.” (People v. Chait, 7 A D 2d 399, 402.) “ A conviction of long standing cannot be vacated on the basis of the unsubstantiated recollection of a defendant. * * * Basic policy considerations require much stronger evidence than was presented here before a conviction whose regularity is supported by documentary records will be vacated. The very concepts of civil
*404 liberties invoked by petitioner will be reduced to nothing more than feeble platitudes unless applied with good and fair judgment.” (People v. Chait, supra, pp. 405, 406.)
Upon the record herein, I find that the defendant has failed to sustain his burden of proof by a preponderance of the credible evidence. The application is denied.