Hyman Barshay, J.
The defendant by Avay of coram nobis, seeks to vacate a judgment of conviction for attempted robbery in the first degree dated November 22, 1948, committing him to State prison, as a second felony offender, for a total sentence *1079 of not less than 25 and not more than 40 years. The defendant is presently confined in Clinton Prison, Dannemora, New York, pursuant to the aforesaid judgment of conviction. The Appellate Division, Second Department, unanimously affirmed the judgment without opinion (276 App. Div. 781).
The defendant bases his application for relief on the ground of ‘1 the conflict of interest of his retained counsel, who unknown to the petitioner, was likewise counsel for one Samuel Blumstein, who admitted participating in the robbery and who was a witness against him ”. At a hearing held on consent of the District Attorney, the following facts were adduced, through defendant, the exhibits and the attorney concerned.
On October 5, 1947, one Moe Priedel was the victim of a robbery perpetrated by three men, two of whom committed the robbery while the third drove the getaway car. Immediately after the commission of the crime, the driver of the getaway car, Samuel Blumstein, returned it to a rental agency, where he was placed under arrest. Blumstein confessed his participation in the robbery, named the defendant and one Molese (whose present status is not relevant to the issue before me), as Ms accomplices, and in addition, confessed to his own participation in a robbery of a person named Richmond, in wMch the defendant was not concerned. Several days after Blumstein’s arrest, he retained Leon Pischbein as his counsel. Blumstein was not indicted for the Priedel robbery but was indicted for the Richmond robbery, tried, convicted and on January 20,1948, sentenced to State prison for a term of not less than 30 and not more than 60 years. He was represented from the time of his arrest and throughout the trial by Leon Pischbein.
The defendant was arrested for the commission of the Priedel robbery on May 25, 1948, and retained the same attorney, Leon Pischbein, unaware, he claims, that his retained counsel had previously been counsel for Blumstein. He was convicted, after trial, and was sentenced as heretofore set forth. Blumstein was one of the principal witnesses against him. On appeal he was represented by the same Leon Pischbein as attorney of record and the late Harry Gr. Anderson who argued the appeal.
Mr. Pischbein testified that Blumstein retained him several days after his arrest and interrogated him and assumed that in the interrogation, he ascertained the reasons for Blumstein’s arrest; that Blumstein was not indicted for the Priedel robbery but was tried and convicted for the Richmond robbery; that he had previously represented Blumstein in a burglary case; that when he was retained by the defendant herein in May of 1948, no relationship of attorney and client existed between *1080 himself and Blumstein; that he assumes he told Olshen he had represented Blumstein in the Richmond case and in another case, but cannot say that he did or did not do so; that he cross-examined his former client, Blumstein.
Once a hearing is granted the defendant has the burden of proving his allegations (People v. Oddo, 283 App. Div. 497; People v. Barber, 276 App. Div. 1040). His contentions must be established clearly and convincingly by a preponderance of the credible evidence (People v. Milo, 4 A D 2d 679; People v. Adams, 1 A D 2d 783; People v. Grieshaber, 285 App. Div. 958, cert, denied 350 U. S. 1009).
If the defendant sustains his burden, he is entitled to have his judgment of conviction and sentence vacated. (Taylor v. United States, 226 F. 2d 337; Glasser v. United States, 315 U. S. 60, 76.)
On the record adduced, I am constrained to conclude that the defendant failed to sustain the burden of establishing (1) that at all times Fisehbein represented him there was an attorney client relationship between Fisehbein and Blumstein; (2) that there was a conflict of interest between him, Fisehbein and Blumstein; (3) that he was prejudiced by Fisehbein’s acting as his counsel; (4) that he was deprived of his statutory or constitutional rights.
I further conclude that Fisehbein conducted a vigorous, able and skillful cross-examination of Blumstein, acted in good faith and conducted the trial with great ability.
I further conclude that defendant was aware that his retained counsel had previously represented Blumstein in the Richmond robbery. The trial record reveals the following colloquy between the court and Fisehbein in the presence of defendant at the time of sentence:
“ The Court: I don’t think we ought to retry the case now; you have tried two of these cases;
‘ ‘ Mr. Fisehbein: This is right; I tried both of them;
‘ ‘ The Court: You were also the lawyer for Mr. Blumstein;
“ Mr. Fisehbein: That is correct;
6 ‘ The Court: You have represented all of these hold-up men; the man who testified against your client and also the tipster ’ ’. No motions to set aside the verdict on the ground of conflict of interest were made.
In view of the fact that the errors complained of by defendant appeared in the record, and were reviewable on appeal, that an appeal was prosecuted and such errors were not raised upon said appeal, I find that coram nobis does not lie.
*1081 In People v. Shapiro (3 N Y 2d 203) the court stated that the use of the writ of error coram nobis has been limited to errors of fact not apparent on the face of the record (Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1; People v. Sadness, 300 N. Y. 69; People v. Kendrick, 300 N. Y. 544), except denials of right to counsel appearing on the face of the record where no appeal was taken (see People v. Richetti, 302 N. Y. 290; Matter of Bojinoff v. People, 299 N. Y. 145); and judicial interference with the right to counsel guaranteed to defendant by law where appeals have been taken (People v. Silverman, 3 N Y 2d 200). “ The writ of error coram nobis may not he used as a vehicle for an additional appeal or a belated motion for a new trial ’ ’ (People v. Shapiro, supra, p. 206).
I find that the defendant was not deprived of a fair trial; that none of his statutory and constitutional rights were infringed (People v. Girardi, 2 A D 2d 701). The defendant’s application, therefore, is denied.