THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ROBERT J. MURPHY, Respondent.

Second Department, January 20, 1964.

*Edward S. Silver*, District Attorney (*William I. Siegel* of counsel), for appellant.

*Anthony F. Marra* (*Matthew Muraskin* of counsel), for respondent.

*Per Curiam.* On December 20, 1951 the then 40-year-old defendant, who had been on the New York City police force for about nine and one-half years, was indicted for first degree murder on the charge that he had shot and killed a named young lady with a revolver on November 30, 1951. Before and after indictment, defendant was represented by an able lawyer, experienced in the criminal law.

In a pretrial conference with the then County Judge, defendant's counsel sought to obtain an agreement to have defendant plead guilty to first degree manslaughter and to have him sentenced to a term of 7½ to 15 years. The Judge was inclined to grant such a plea and sentence, but the District Attorney, as was his right (*Matter of McDonald* v. *Sobel*, 272 App. Div. 455,

affd. 297 N. Y. 679), refused to consent to a plea less than second degree murder, which carried a mandatory minimum sentence of 20 years to life imprisonment. When no agreement was reached, the case proceeded to trial.

During the trial on May 5, 1952, after two witnesses had testified, there was another conference between defendant and his counsel, after which the counsel requested the court's permission to allow the defendant to plead guilty to second degree murder. Upon being questioned by the court, defendant stated that he understood the request of his counsel. Defendant thereupon admitted that he had shot and killed the named young lady with intent to kill, but without premeditation or deliberation; he stated he was guilty of second degree murder and he wanted to plead guilty to that crime.

On June 18, 1952 defendant was sentenced to a term of 20 years to life.

In April, 1956 defendant made his first *coram nobis* application to vacate the 1952 judgment. The grounds were: (1) that he pleaded guilty only because he believed he was going to be sentenced for manslaughter, and as proof of his claim he pointed to his statement to the probation officer (between plea and sentence) that " I am guilty of manslaughter and nothing else "; (2) that he would never have pleaded guilty to second degree murder if he had not been led to believe that the sentence promise would be carried out; and (3) that there was no compliance with section 480 of the Code of Criminal Procedure. On May 4, 1956, in an opinion denying the application the Trial Judge held: (a) that there was no sentence promise; (b) that defendant's impression that he was pleading to manslaughter was " conclusively refuted " by the record made at the time of the plea; and (c) that the record shows there was compliance with section 480 of the Code of Criminal Procedure. Certiorari was denied on October 8, 1956 (*Murphy* v. *New York*, 352 U. S. 852). Defendant's appeal to this court from the order entered on his *coram nobis* application was withdrawn by him on January 22, 1957. (An order of this court was entered February 4, 1957 permitting such withdrawal.)

On January 22, 1957 defendant made a second application for *coram nobis*. In his petition defendant conceded that the record clearly showed that he had been fully informed of the nature of the charge to which he had pleaded guilty, i.e., second degree murder. But he insisted that he had pleaded guilty thereto only because of the state of mind created by his counsel that he would be given the same sentence as for first degree manslaughter; that his counsel never told him that the sentence

for second degree murder carried a mandatory minimum of 20 years to life; and that he would not have pleaded guilty to second degree murder had he known that the mandatory minimum was 20 years to life, because he then believed, and believes now, that he is guilty of nothing more than manslaughter, and he had told the probation officer that "I am guilty of manslaughter and nothing else." The claim of noncompliance with section 480 of the Code of Criminal Procedure was also repeated.

After a hearing, on July 12, 1957 the same Trial Judge found that there was compliance with section 480 of the Code of Criminal Procedure; that defendant knew he was pleading guilty to second degree murder; and that defendant's claim that he believed he had pleaded guilty to manslaughter was conclusively refuted by the record, despite defendant's contention that he was not guilty of any crime except manslaughter. (An appeal from the order entered on that determination was dismissed by this court on May 19, 1958; and certiorari was denied on January 27, 1958 [*Murphy* v. *New York*, 355 U. S. 932].)

In the early part of 1958 defendant applied for a writ of habeas corpus in the United States District Court for the Southern District of New York. After a hearing, at which the Trial Judge and defendant's counsel at the time of plea both testified, District Judge WEINFELD held on March 13, 1958 that the proof showed convincingly that: (1) defendant was specifically informed both by his counsel and by the Trial Judge that a plea of guilty to second degree murder carried with it a mandatory minimum sentence of 20 years to life; (2) defendant's counsel never told him that, if he pleaded guilty to second degree murder, he would get a sentence of 7½ to 15 years permissible under a manslaughter plea; (3) and defendant's plea of guilty to second degree murder was knowingly, freely and voluntarily made.

On June 9, 1958 defendant made a third *coram nobis* application in the State court on the grounds that: (1) defendant told a probation officer between plea and sentence that "I am guilty of manslaughter and nothing else"; (2) the probation officer failed to report this to the court; and (3) therefore, defendant could not be sentenced for second degree murder and the plea of guilty to that crime should have been withdrawn.

On August 26, 1958 the Trial Judge directed a hearing upon such third application; the hearing was held on September 11, 1959. Three years after the hearing and on September 17, 1962, the Trial Judge granted the application and vacated the judgment on the ground that "my own recollection of the entire incident and the defendant's state of mind at the time of plea

leaves open a real possibility that the defendant did not fully understand the nature of his plea. This is further evidenced in his conversation with the probation officer." This appeal is from the order granting such last or third application.

In our opinion, neither the pleadings nor the proof adduced warranted the granting of that application. The Trial Judge twice before had determined — on May 4, 1956 and on July 12, 1957 — that defendant fully understood the nature of his plea of guilty to second degree murder. In the habeas corpus proceeding in the Federal court, Judge WEINFELD on March 13, 1958, based in part on the Trial Judge's testimony, also had determined that defendant fully understood the nature of his plea. Under the circumstances, the present *coram nobis* application should not have been granted based on a " possibility " that defendant did not fully understand the nature of his plea.

The disposition of a writ (*coram nobis*) of this exalted character ought not to rest upon a mere " possibility " which is contrary to the court's own prior findings, and those of the Federal court, lest the result be assessed as one founded on caprice or whim.

Defendant's oral proof of a prior statement to an unnamed probation officer that he was guilty of no crime other than manslaughter was insufficient to overcome these findings.

A conviction of long standing should not be vacated on the basis of defendant's unsubstantiated recollection, in conflict with and unsupported by any contemporaneous official record (*People* v. *Chait,* 7 A D 2d 399, affd. 6 N Y 2d 855). The defendant's bare averment of irregularity, unconfirmed by other evidence, did not entitle him to the *coram nobis* relief sought (*People* v. *White,* 309 N. Y. 636).

Since defendant was charged with the burden of proving his allegations by a preponderance of the evidence, which he failed to do, the People had no burden to establish the contrary (*People* v. *Wolfson,* 9 A D 2d 940), as by calling the probation officer or defendant's trial counsel to rebut defendant's evidence.

The order should be reversed, on the law and the facts; the defendant's *coram nobis* application should be denied; and the judgment of conviction rendered June 18, 1952 should be reinstated.

The findings of fact which may be inconsistent herewith should be reversed, and new findings made as indicated herein.

BELDOCK, P. J., KLEINFELD, CHRIST, BRENNAN and RABIN, JJ., concur.

226

Order reversed on the law and the facts; the defendant's *coram nobis* application is denied; and the judgment of conviction rendered June 18, 1952 is reinstated. Findings of fact inconsistent herewith are reversed, and new findings are made as indicated in the opinion herewith.