UNITED STATES ex rel. Robert J. MURPHY, Relator,

v.

Hon. Wilfred L. DENNO, Warden, Sing Sing Prison, Ossining, New York, Respondent.

United States District Court
S. D. New York.

Oct. 19, 1964.

Robert J. Murphy, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for re-

spondent; Lillian Z. Cohen, Deputy Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, serving a sentence of twenty years to life at Sing Sing Prison, entered upon his plea of guilty to murder in the second degree in the County Court, Kings County, State of New York, seeks his release by a Federal writ of habeas corpus, the third such application.

Early in 1958 petitioner filed his second application in this Court, charging that he had been denied the effective aid of competent counsel based upon allegations that his privately retained counsel had tricked him into pleading guilty to murder in the second degree, whereas he was only guilty of manslaughter. This Court, on its own motion, assigned counsel and ordered a hearing at which petitioner, his former counsel and the trial judge testified. The petition was dismissed upon a finding that, "[T]he charge by the petitioner against his attorney is not only without basis, but was contrived by petitioner in a calculated and deliberate effort to overcome consequences of a plea of guilty, freely and voluntarily entered into by him."[1]

Petitioner then shifted his attack upon the judgment back to the state courts. In June 1958 he applied for a third time to the Trial Judge for a writ of error coram nobis on the ground that he had told the probation officer who was charged with the preparation of his presentence report that he was guilty only of manslaughter, which information the officer had failed to report to the Trial Court, and therefore petitioner's plea should have been withdrawn. The Trial Judge conducted a hearing in September 1959 and, after three years, sustained the writ and vacated the judgment of conviction upon the ground that, "My own recollection of the entire incident and the defendant's state of mind at the time of the plea leaves open a real possibility that the defendant did not fully understand the nature of his plea. This is further evidenced in his conversation with the probation officer."

The State appealed and the Appellate Division reversed, holding that neither the pleadings nor the proof adduced upon the hearing warranted the granting of the application. In its per curiam opinion the Appellate Division stated:

"The Trial Judge twice before had determined—on May 4, 1956 and on July 12, 1957—that defendant fully understood the nature of his plea of guilty to second degree murder. In the habeas corpus proceeding in the Federal court, Judge Weinfeld on March 13, 1958, based in part on the Trial Judge's testimony, also had determined that defendant fully understood the nature of his plea. Under the circumstances, the present *coram nobis* application should not have been granted based on a 'possibility' that defendant did not fully understand the nature of his plea. * * * Defendant's oral proof of a prior statement to an unnamed probation officer that he was guilty of no crime other than manslaughter was insufficient to overcome these findings."[2]

Leave to appeal to the New York Court of Appeals was refused in February 1964 and the Supreme Court denied certiorari.[3]

Thereupon petitioner again returned to this Court. In his present petition, filed in August 1964, he alleges that his federally protected rights to a speedy trial under the Sixth Amendment, against cruel and unusual punishment under the Eighth Amendment, and to due process and equal protection of the laws under

1. United States ex rel. Murphy v. Denno, Civil 130–308, S.D.N.Y., March 13, 1958.

2. People v. Murphy, 20 App.Div.2d 222, 225, 246 N.Y.S.2d 562, 566 (2d Dep't 1964).

3. Murphy v. New York, 377 U.S. 971, 84 S.Ct. 1653 (1964).

the Fourteenth Amendment, were violated when:

(1) the probation officer failed to inform the court of petitioner's statement that he was guilty only of manslaughter, thereby permitting him to be sentenced for murder in the second degree (due process);

(2) he was denied his statutory right of allocution [4] when his lawyer interposed a plea of leniency on his behalf, thereby foreclosing him from personally replying to the court's inquiry and making known his contention (due process);

(3) the Trial Court delayed for four years the disposition of his State coram nobis application, although it eventually decided in his favor (speedy trial, cruel and unusual punishment, due process and equal protection);

(4) the Appellate Division granted the District Attorney additional time beyond the ninety days permitted by statute [5] to perfect the State's appeal from the order sustaining the coram nobis application (equal protection); and

(5) in violation of section 545 of the New York Code of Criminal Procedure petitioner was kept in custody despite the fact that in sustaining his coram nobis application no provision was made for a new trial (due process).[6]

The Court finds that none of these contentions entitles petitioner to his release under a Federal writ of habeas corpus.

▮▮▮ Assuming arguendo that petitioner did tell the probation officer he was not guilty of murder in the second degree, and further that the latter failed to apprise the court of his contention, this presents no constitutional infirmity. A defendant who has been convicted and awaits the imposition of sentence has no constitutional right to a presentence report; [7] if, as a matter of discretion, one is ordered by a court, the inclusion or exclusion of any statement by a defendant furnishes no basis for a constitutional attack upon the validity of the sentence imposed.[8] Moreover, since this Court, upon petitioner's last application for a writ of habeas corpus, found that petitioner's plea of guilty was freely and voluntarily made, any statement to a probation officer to the contrary would be of no consequence. And for the same reason his claim that when his lawyer spoke up and urged leniency [9] he was denied his right to present his contention he was only guilty of manslaughter is

4. N.Y.Code Crim.Proc. § 480 provides: "When the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him."

5. N.Y.Code Crim.Proc. § 535 provides in part:
"Every such appeal [to the Appellate Division] * * * must be brought on for argument within ninety days * * * unless the court for good cause shown, shall enlarge the time for that purpose."

6. The statute provides: "If a judgment against a defendant be reversed, without ordering a new trial, the appellate court must direct, if he be in custody, that he be discharged therefrom * * *."

7. United States v. Schwenke, 221 F.2d 356, 358 (2d Cir. 1955); United States ex rel. Boone v. Fay, 231 F.Supp. 387 (S.D.N.Y.1964).

8. Powers v. United States, 325 F.2d 666, 667 (1st Cir. 1963); Hoover v. United States, 268 F.2d 787, 790 (10th Cir. 1959); Dillon v. United States, 307 F.2d 445, 453–54 (9th Cir. 1962) (concurring opinion). See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

9. This Court is of the view that an answer by counsel does not satisfy the requirements of Rule 32(a) of the Federal Rules of Criminal Procedure, and that a defendant himself must be given an opportunity to speak before sentence is imposed. United States v. Carminati, 25 F.R.D. 31 (S.D.N.Y.), aff'd sub nom. United States v. Galgano, 281 F.2d 908, 912 (2d Cir. 1960), cert. denied, 366 U.S. 960, 81 S.Ct. 1916, 6 L.Ed.2d 1253 (1961). However, it does not follow that § 480 of New York's Code of Criminal Procedure must be similarly construed.

without merit—even assuming that violation of the New York statute subjects a state court conviction to Federal attack.[10]

Since petitioner received the minimum sentence permitted by law on his plea, which this Court has found was voluntarily entered, he has failed to show those "aggravating circumstances" necessary to transmute statutory noncompliance into constitutional infirmity.[11]

■ None of the remaining claims which involve State procedures presents any Federal question. Petitioner's claim that the State Court, after it had afforded him a long-delayed hearing on his third coram nobis application, reserved decision for three years does not offend the Sixth Amendment requirement of a speedy trial or the Eighth Amendment prohibition against cruel and unusual punishment. The fact is that he was afforded a prompt trial, during which, after hearing several of the State's witnesses, he withdrew his plea of not guilty and entered the plea now attacked.[12]

While New York law does not specify any time within which a court is to conduct a hearing or to render decision in post-conviction proceedings, a State remedy was available to petitioner. He could have instituted an Article 78 proceeding to compel a hearing or determination.[13] This he failed to do and, instead, awaited the Court's ruling which, as already noted, was favorable to him.

■ Nor was petitioner denied equal protection of the laws when the State was allowed to proceed with its appeal beyond the ninety-day period specified by the statute, or when the Court of Appeals declined to grant petitioner leave to appeal from the Appellate Division's order of reversal. An extension of time to file an appeal or the denial or grant of leave to appeal from an order of the Appellate Division involves matters of discretion.[14]

■ Finally, section 545 of the Criminal Code which requires release of a prisoner when conviction is reversed without order of a new trial is clearly applicable only to direct appeals rather than to coram nobis proceedings in the Trial Court.[15] In any event, no constitutional denial of any right is effected simply because an allegedly inappropriate order was entered which, on proper application, could have been corrected.

The claims here presented are without merit and accordingly the petition is dismissed.

---

10. No case has been found in which a state conviction was overturned on Federal habeas corpus for denial of the right of allocution. In United States v. Colson, 230 F.Supp. 953, 961 (S.D.N.Y.1964), where denial of the right of allocution deprived defendant of an opportunity to present important evidence in mitigation of punishment, this Court applied the Federal rule. Other decisions, too, requiring allocution have rested upon the supervisory power of the Federal courts, rather than upon constitutional grounds. See, e. g., Green v. United States, 313 F.2d 6, 9–10 (1st Cir.), cert. denied, 372 U.S. 951, 83 S.Ct. 948, 9 L.Ed.2d 976 (1963); Dillon v. United States, 218 F.Supp. 948 (D.Ore.1964). Cf. Application of Rodriquez, 226 F.Supp. 799 (D. N.J.1964).

11. See Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 556 (1962); United States v. Taylor, 303 F.2d 165 (4th Cir. 1962); United States v. Carminati, 25 F.R.D. 31 (S.D.N.Y.), aff'd sub nom. United States v. Galgano, 281 F.2d 908, 912 (2d Cir. 1960), cert. denied, 366 U.S. 960, 81 S.Ct. 1916 (1961).

12. The persistent course of petitioner's efforts at post-conviction relief in the New York courts, and, incidentally, the thorough airing of his claims there, are detailed in People v. Murphy, 20 App.Div. 2d 222, 246 N.Y.S.2d 562 (2d Dep't), cert. denied, 377 U.S. 971, 84 S.Ct. 1653, 12 L.Ed.2d 740 (1964).

13. N.Y. CPLR Art. 78 (formerly Civil Practice Act, Art. 78); see People ex rel. Prosser v. Martin, 306 N.Y. 710, 117 N.E.2d 902 (1954); Hogan v. Bohan, 305 N.Y. 110, 111 N.E.2d 233 (1953); In re Island Improvement, Inc., 231 App. Div. 837, 246 N.Y.S. 424 (2d Dep't 1930).

14. See People v. Pennestri, 253 N.Y. 318, 171 N.E. 77 (1930).

15. See note 6 supra.