UNITED STATES ex rel. James BRENNAN, Relator-Appellant,

v.

Hon. Edward M. FAY, as Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.

No. 51, Docket 29690.

United States Court of Appeals Second Circuit.

Argued Sept. 28, 1965.

Decided Nov. 9, 1965.

Judson A. Parsons, Jr., New York City, for appellant.

Arthur L. Schiff, New York City (Louis J. Lefkowitz, Atty. Gen., of the State of New York; Samuel A. Hirshowitz, First Asst. Atty. Gen., Michael H. Rauch, Deputy Asst. Atty. Gen., of counsel), for appellee.

Before FRIENDLY and KAUFMAN, Circuit Judges, and BRYAN, District Judge.*

FRIENDLY, Circuit Judge:

The petitioner-appellant, James Brennan, was convicted in 1953 by the New York Court of General Sessions of attempted assault in the second degree. He was sentenced, as a fourth felony offender, to a term in excess of fifteen years. N.Y.Penal Law, McKinney's Consol.Laws, c. 40, §§ 243, 261, 1942. Nine years later he challenged this sentence in a New York *coram nobis* proceeding in which he claimed that his second felony conviction, obtained in 1937 on a plea of guilty in Queens County Court, was invalid because he was without the assistance of counsel, and that accordingly, as a third rather than a fourth felony offender, he should have been sentenced

* Of the Southern District of New York, sitting by designation.

to a term of no more than five years. N.Y.Penal Law § 1941.

A full evidentiary hearing, at which Brennan was represented by counsel, was held in the Supreme Court for Queens County in November 1962 before the late Justice Stier. Brennan's case rested entirely on his own testimony that when he was arraigned with a co-defendant, McDermott, on September 24, 1937, he was not represented by counsel nor advised of his right to counsel; and that on October 22, 1937, he pleaded guilty without having the assistance of counsel. On cross-examination he conceded that a lawyer was present at the time of his plea but insisted that the lawyer represented only McDermott, who also pleaded guilty at that time. When the People produced this lawyer, Michael Ruggiero, Brennan claimed not to recognize him. The People offered much documentary evidence controverting Brennan's testimony. This included the 1937 indictment, on the reverse of which there appeared, after the printed word "counsel," the handwritten notation—"1, 2, M. Ruggiero"; [1] a notice of appearance for both defendants signed by Ruggiero; a fingerprint report for the two defendants which bore the printed words "Counsel assigned? Yes—No" and the written notation "Yes"; a grand jury docket book including a notation as to the arraignment of the two defendants showing that Mr. Ruggiero was assigned as counsel; and a conviction book showing that at the time of Brennan's guilty plea and conviction he "was represented by counsel Michael Ruggiero assigned by the Court to defend the Defendant." The People supplemented this impressive documentary evidence by calling Mr. Ruggiero. While conceding the lack of independent recollection that would be normal after a lapse of twenty-five years, he identified the notice of appearance and testified that he had kept an office diary for 1937 which contained a series of entries connecting himself with the representation of both Brennan and McDermott on five occasions in October 1937, including the day on which their guilty pleas were entered.

At the close of the testimony the Assistant District Attorney renewed a motion for a dismissal of the petition "upon the ground that the Petitioner has failed to sustain the burden of proof which rests upon him to establish by clear and convincing proof the allegations in this petition." Counsel for Brennan, stressing his testimony that he was not represented and Mr. Ruggiero's lack of independent recollection, argued "that the Petitioner has met the burden." Without comment, the court granted the motion of the Assistant District Attorney. The order of dismissal was affirmed without opinion by the Appellate Division for the Second Department and leave to appeal to the Court of Appeals was denied.

Brennan thereupon petitioned the District Court for the Southern District of New York for a writ of habeas corpus on the same ground advanced in the New York *coram nobis* proceeding. Contending that the state court had imposed a standard of proof too stringent for a full and fair hearing of his federal claim, he insisted that he was entitled to a new evidentiary hearing in federal court on the basis of the guideline in Townsend v. Sain, 372 U.S. 293, 316, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963), that:

> If the state trial judge has made serious procedural errors (respecting the claim pressed in federal habeas) in such things as the burden of proof, a federal hearing is required.

Judge Sugarman denied the petition without a new hearing. He concluded that, "Assuming, as petitioner contends, that his burden of proof at the hearing in the state court on his writ of error *coram nobis* was a preponderance of the evidence * * * a reading of the transcript of the state court hearing per-

---

1. These same numbers appeared next to the names of the two defendants, McDermott and Brennan.

suades me that petitioner failed to establish his denial of counsel in the proceedings resulting in his second conviction, even by a preponderance of the evidence." The judge, however, issued a certificate of probable cause and assigned counsel for the appeal to this court.

Counsel for Brennan argues that when, as here, oral testimony constitutes a material part of the evidence, a combination of a full evidentiary hearing before a state judge imposing too heavy a burden of proof and a reading of the transcript by a federal judge imposing a proper standard is not enough; only an evidentiary hearing before a judge proceeding under a proper standard will suffice. This proposition is said to follow from the importance universally conceded to the observation of the witnesses' demeanor by the trier of the facts; the bearing of the proponent's witnesses, it is urged, might be good enough, or that of the opponent's witnesses bad enough, that a case could be won on the preponderance test but lost if the clear and convincing standard were applied.

■ Although few cases will be so delicately poised, we cannot quarrel with the abstract logic of the proposition—a course which, indeed, is not open to us— at least if we except cases where, had a jury been present, the federal judge could properly have directed a verdict against the petitioner.[2] The question remains, however, whether the New York court in this case did impose a burden of proof that would require a new federal hearing.[3]

■ The burden of persuasion in federal habeas corpus is the usual civil one of a preponderance of the evidence. . See Johnson v. Zerbst, 304 U.S. 458, 469, 58

S.Ct. 1019, 82 L.Ed. 1461 (1938); Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830 (1941); Teague v. Looney, 268 F.2d 506, 508 (10 Cir. 1959); Hall v. Warden, Maryland Penitentiary, 313 F.2d 483, 487 (4 Cir.), cert. denied, Pepersack v. Hall, 374 U.S. 809, 83 S.Ct. 1693, 10 L.Ed.2d 1032 (1963). Here the state judge did not say what standard he applied; the Assistant District Attorney's reference to "clear and convincing proof" does not conclusively establish that the judge applied that standard, at least in a case where petitioner's proof would fail under a much less stringent measure. However, it does appear reasonable to assume that the judge applied the standard which New York law imposes in *coram nobis*, and petitioner urges that the New York burden is in fact what the Assistant District Attorney asserted it to be.

A few older cases may seem to support that view. See, e. g., People ex rel. Kruger v. Hunt, 257 App.Div. 917, 12 N.Y.S.2d 167 (4th Dept. 1939); People ex rel. Asaro v. Morhous, 268 App.Div. 1016, 52 N.Y.S.2d 210 (3d Dept. 1944). And there are later New York decisions that somewhat unilluminatingly relied on a combination of the clear and convincing and the preponderance tests. See, e. g., People v. Barber, 276 App.Div. 1040, 95 N.Y.S.2d 246 (3d Dept. 1950), cited in People v. Grieshaber, 285 App.Div. 958, 138 N.Y.S.2d 151 (2d Dept. 1955), cert. denied, 350 U.S. 1009, 76 S.Ct. 656, 100 L.Ed. 870 (1956). But the law of New York on this subject was clarified by Presiding Justice Botein in People v. Chait, 7 A.D.2d 399, 183 N.Y.S.2d 494 (1st Dept.), aff'd, 6 N.Y.2d 855, 188 N.Y.S.2d 560, 160 N.E.2d 92 (1959). That opinion did repeat the two-sided

---

2. The instant case might well be deemed to fall within such an exception.

3. We phrase the question this way since a state would not seem constitutionally inhibited as to the burden of proof with respect to a post-conviction remedy, in the sense that imposition of a burden heavier than preponderance of the evidence would give rise to a new federal claim affording an independent basis for

Supreme Court review. Thus it is not completely accurate to speak of "error" by the state judge with respect to burden of proof; the point is rather that if the state determination of a federal claim is to obviate the need for a subsequent federal hearing in habeas corpus, the burden of proof on which the determination rests must be consistent with that in federal habeas corpus proceedings.

formula of some of the older cases, saying at one point:

> Once a hearing is granted * * the petitioner has the burden of proving deprivation of his constitutional rights * * *. His contentions must be established clearly and convincingly, by a preponderance of the credible evidence.

However, the court went on to explicate this in terms we consider quite consistent with the approach a federal court would take under the preponderance standard alone, stating:

> The burden is at times a heavy one, and appropriately so, for judgments of long standing are not lightly to be overturned years, or even, as in this case, more than a generation after the event, when witnesses may no longer be available or can no longer be expected to recall the circumstances surrounding the entry of judgment in one particular case. This holds true especially for the People's witnesses, who are usually judicial or non-judicial court personnel involved in the processing of thousands of cases in the intervening period of time.

The court repudiated any view that the mere fact of the judgment of conviction cast a specially heavy burden of persuasion on a petitioner in *coram nobis*. Justice Botein cited People v. Richetti, 302 N.Y. 290, 298, 97 N.E.2d 908 (1951), in which it was held that once the petitioner had come forward with substantial evidence, any presumption of regularity of the judgment was out of the case; at that stage, he stated, "the People can no longer rely on the fact of the conviction itself, but must come forward with independent evidence to sustain its regularity. * * * If the additional evidence tends to support the regularity of the judgment, the petitioner must then establish failure to afford him the rights and protection guaranteed him by State and Federal constitutions and statutes by a preponderance of the entire evidence. The facts in every case must be tested against these standards." The Second Department also has declared that a *coram nobis* petitioner has "the burden of proving his allegations by a preponderance of the evidence," at the same time insisting that a "conviction of long standing should not be vacated on the basis of defendant's unsubstantiated recollection, in conflict with and unsupported by any contemporaneous official record." People v. Murphy, 20 A.D.2d 222, 225, 246 N.Y.S.2d 562, 566 (1964).

The test laid down in these New York *coram nobis* opinions is not inconsistent with the principle that in federal habeas corpus only a preponderance of the evidence is needed for a petitioner to prevail. There too the quantum of proof which a petitioner must put in his pan in order to make it preponderate necessarily depends on what the state has put in its. Common sense tells us that when the state's pan is filled with probative documentary evidence, only the strongest contrary oral testimony could prevail, especially when proffered by an interested party as to occurrences of long ago. As the Supreme Court itself has said, in a civil case governed by the preponderance standard, "Where * * * testimony is in conflict with contemporaneous documents we can give it little weight." United States v. United States Gypsum Co., 333 U.S. 364, 396, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). We thus conclude that the law of New York as to the burden of proof in *coram nobis*, which the state judge here must be assumed to have applied, is consistent with federal habeas corpus law.

It follows that petitioner has failed to bring himself within the passage in Townsend v. Sain on which he relies, and that the holding of a further evidentiary hearing was a matter of discretion for the district judge. In our view he was wise in declining to expend further judicial resources on a second hearing that could not reasonably be expected to yield a conclusion different from that already reached by the state court.

The Court is indebted to Judson A. Parsons, Jr., Esq., assigned counsel in the district court and on appeal, for an effective brief and argument on Brennan's behalf.

Affirmed.