Isadore OLSHEN, Petitioner-Appellant,

v.

Daniel McMANN, as Warden of Clinton
Prison, Dannemora, New York,
Respondent-Appellee.

No. 398, Docket 29385.

United States Court of Appeals
Second Circuit.

Argued April 5, 1967.

Decided June 9, 1967.

Nathan Kestnbaum, New York City, for petitioner-appellant.

Barry Mahoney, Norman M. Beck, Asst. Attys. Gen., Louis J. Lefkowitz, Atty. Gen. of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., for respondent-appellee.

Before WATERMAN, FRIENDLY and ANDERSON, Circuit Judges.

WATERMAN, Circuit Judge.

This is an appeal by an incarcerated New York State prisoner from the dismissal by Judge Port of the United States District Court for the Northern District of New York of his petition for a writ of habeas corpus. Thirteen years after his 1948 conviction for attempted robbery had been affirmed, People v. Olshen, 276 App.Div. 781, 93 N.Y.S.2d 300 (2d Dept. 1949) appellant sought a writ of error *coram nobis* from the Kings County Court in order to vacate his conviction. In this request for collateral relief, appellant claimed he had been denied his right to the effective assistance of counsel in that his retained trial counsel, one Leon Fischbein had simultaneously, without appellant's knowledge, represented one Samuel Blumstein who had been the key prosecution witness at Olshen's trial. The Kings County Court, Barshay, J., conducted a full evidentiary hearing at which both appellant and Fischbein testified. The judge concluded, *inter alia*, that appellant had failed to establish (1) that Fischbein ever represented Blumstein and appellant simultaneously, (2) that any conflict of interest arose as a result of Fischbein's prior representation of Blumstein on an unrelated charge, or (3) that appellant was prejudiced by Fischbein's acting as his counsel. The court further concluded that Fischbein had skillfully cross-examined Blumstein and had generally conducted appellant's defense with great ability and that appellant knew at the

time of his sentencing of his counsel's prior relationship with Blumstein. The application was denied, 30 Misc.2d 1078, 220 N.Y.S.2d 430 (1961), aff'd, 17 App. Div.2d 971, 233 N.Y.S.2d 1023 (2d Dep't 1962), motion for leave to appeal denied by Fuld, J. (Jan. 4, 1963), cert. denied, 374 U.S. 846, 83 S.Ct. 1903, 10 L.Ed.2d 1065 (1963). The issue in the state *coram nobis* proceedings was the sole ground relied upon in the petition for habeas corpus brought to the federal district court below. The correctness of the denial of that petition is the only question presented upon this appeal.

■ The court below found, and this finding is presently uncontested, that appellant "received a full and fair state court evidentiary hearing resulting in reliable findings." As we must also consider the case in the light of the state court findings, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), which findings we have summarized above, we find that there is no ground for reversal and affirm the judgment below.

■ Unlike the situation in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942) appellant's counsel here did not simultaneously represent at trial codefendants with competing interests. Nor was a conflict of interest created here, as in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952), through counsel's simultaneous representation of an accused standing trial and a principal witness for the prosecution who had been convicted on a related charge and was awaiting sentence thereon. Where, as here, the possible conflict arises from a *prior* representation of a prosecution witness, the primary, if not the only,

factor which might deter counsel from staging an effective defense would be his reluctance to divulge or to make use of the knowledge derived from the confidential communications of his former client. As much as we disapprove of counsel's undertaking and proceeding with a defense without informing his client and the trial court of facts underlying a possible conflict of interest,[1] the problem presented by an attorney's potential professional reluctance to develop from a witness facts the attorney had obtained as a result of confidential communications need not presently concern us; the record amply demonstrates that as Blumstein had disclosed to state officers his participation in the robbery prior to appellant's trial and therefore had waived the attorney-client privilege there was no reason why his former attorney should not have felt entirely free to examine him. Moreover, any inference of prejudice to appellant is forcefully negated by Fischbein's vigorous cross-examination of Blumstein and his exhaustive attack on Blumstein's credibility. Compare Tucker v. United States, 235 F.2d 238 (9 Cir. 1956).

■ Also, under the circumstances existing here, the failure of the New York trial court to inquire into the possibility of a conflict of interest does not entitle appellant to have his state conviction set aside. Although some judicial initiative is probably advisable when the possibility of a prejudicial conflict is apparent to the trial court, none is required where, as here, the record is barren of both prejudice and any possible conflict. See United States v. Paz-Sierra, 367 F.2d 930, 932–933 (2 Cir. 1966) where on a direct appeal from a federal conviction (unlike the present proceed-

1. Of course appellant could not complain if he *knowingly* retained counsel who represented a prosecution witness in another case. District of Columbia v. Scott, 94 U.S.App.D.C. 227, 214 F.2d 860 (D.C. Cir. 1954). The record in our case, however, is unclear as to when appellant and the trial court learned of Fischbein's prior representation of Blumstein. At the *coram nobis* hearing Fischbein testified that he assumed that he had so advised appellant but could not be certain. Appellant denied any such disclosure by Fischbein. The sole reference during the trial proceedings came during sentencing when, in appellant's presence, the trial court noted, and Fischbein acknowledged, that he had previously defended Blumstein and another "hold-up" man.

ing seeking collateral relief) we held that the trial court's failure to conduct a specific inquiry into the possibility of a prejudicial conflict of interest arising from simultaneous representation of co-defendants by retained counsel did not require a reversal in view of the lack of any "occasion on which there was any conflict of interest or even any situation which might have made separate representation desirable." 367 F.2d 930 at 933. Furthermore, unlike some situations in a case where the same counsel represents codefendants at a joint trial, as in Campbell v. United States, 122 U.S. App.D.C. 143, 352 F.2d 359 (1965), the possibility of a prejudicial conflict is not apparent to the trial court in a case where counsel had formerly represented one whose interests could be adverse to those of the accused. Absent a disclosure to the judge by litigant or counsel, which disclosure was not here made, the only available clue that there might be a conflict would be counsel's conspicuously inadequate or passive cross-examination of his former client. But here Fischbein's cross-examination of Blumstein was so penetrating and so thorough as to allay any suspicion the trial judge could possibly have had that a prejudicial conflict of interest might exist.

In sum, inasmuch as appellant has failed to make a showing that would require that a federally obtained conviction be reversed, it goes without saying that appellant has certainly failed to show the complete inadequacy of representation by retained counsel[2] necessary to justify a collateral attack on a state conviction.

Accordingly the judgment below is affirmed.[3]

---

[2] Appellant's representation would not be constitutionally inadequate even under the more exacting standards applicable to court-appointed counsel. See Tucker v. United States, 235 F.2d 238 (9 Cir. 1956).

[3] After this case on appeal was *sub judice* we learned that appellant has pending in the New York courts another *coram nobis* proceeding. Our affirmance is of course without prejudice to the institu-

tion of a new habeas corpus petition to an applicable federal court following the final determination of that proceeding, provided such a habeas corpus petition raises an issue as to the deprivation or impairment of the petitioner's federal constitutional rights which, for some reason beyond petitioner's control, he has not previously been able to present to the federal courts.