## BILLITER v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
January 17, 1928.

No. 5044.

**Criminal law ⊜⊃729—Merely permitting withdrawal of improper argument on defendant's objection held not to require reversal, as insufficient, where defendant made no further objection.**

Action of court in merely permitting withdrawal of district attorney's improper remarks in argument in denunciation of defendant and comment on his bad character, *held* not to require reversal, as affording insufficient relief, where defendant made no further objection, and requested no further relief by way of cautioning jury or reprimanding counsel.

In Error to the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Proceeding by the United States against Henry Billiter. To review the judgment, defendant brings error. Affirmed.

Larry Bevan, of Toledo, Ohio, for plaintiff in error.

Harry G. Levey, Asst. U. S. Atty., of Toledo, Ohio.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM. The errors assigned being examined, we find only one requiring comment. Upon the argument to the jury, the district attorney indulged in denunciation of the respondent and comment upon his bad character, going distinctly beyond permissible limits. Volkmor v. U. S. (C. C. A.) 13 F. (2d) 594. The respondent's counsel objected to this comment as being misconduct by the district attorney. The court said, "That may

be withdrawn," and the district attorney thereupon "withdrew the remark."

We need not decide whether a reversal on this account would be necessary, if the question were properly preserved. In such a situation, the harm done may sometimes be cured by a mere withdrawal of the offending language, and sometimes it would be the duty of the court to caution the jury emphatically and to reprimand the offending counsel; possibly sometimes it would be beyond cure, and would require the entry of a mistrial. In this case the judge considered a withdrawal to be remedy enough, and gave respondent that benefit. If counsel thought this remedy was insufficient, he should have said so; the record contains nothing to show that he was not content with the ruling which was made in response to his objection, and which clearly showed the intent of the court to give the relief thought necessary.

The judgment is affirmed.