## DE BONIS v. UNITED STATES.

### No. 6014.

Circuit Court of Appeals, Sixth Circuit.
Dec. 8, 1931.

D. F. Rendinell, of Youngstown, Ohio (David D. Neiman, of Youngstown, Ohio, on the brief), for appellant.

M. J. Wolpaw, of Cleveland, Ohio (Wilfred J. Mahon, of Cleveland, Ohio, on the brief), for the United States.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge.

Conviction under section 121, tit. 18, US CA, being section 65 of the Criminal Code. De Bonis was charged with shooting a prohibition agent who was about to make a search or seizure in the execution of his duty, and with intent by De Bonis to commit a bodily injury upon the officer, or deter or prevent him from discharging his duty.

Agent Watts and two other officers, on duty in an Ohio village, had observed a house apparently closed, but from which was coming a distinct odor of cooking mash. Believing that distilling was being here carried on, they returned the next evening about 10:30 and posted themselves about the rear of the premises, but in an adjoining lot. About an hour later their attention was drawn to an automobile, without lights, backing from the street into the driveway which would bring it alongside the house. Agent Watts then went around to the front of the house, still keeping outside the premises. The officers then watched an unloading and loading operation—five gallon cans of the type used to carry whisky being unloaded, apparently empty, and passed into a basement window, and similar cans, apparently heavy and full, being passed out and loaded into the machine. The man doing this work (afterwards found to be De Bonis) twice discontinued loading, walked about apparently looking and listening for any danger of interruption, and then resumed the loading. Being convinced that the car was about to start away, Watts left his place of concealment, and started running down the front sidewalk toward the driveway out of which the car would come. As he started, he called out "Federal Officers." Another agent crossed the side fence and followed Watts, but inside the fence. The third agent climbed the fence in the rear and came toward the car. After Watts had run a distance on the sidewalk, he vaulted the fence to cross toward the car. Just then De Bonis, standing by the car, fired one shot which struck Watts, but did not make a serious wound. Immediately De Bonis was taken by the third agent, before the other two reached the car. Thereupon sixteen five-gallon cans full of whisky were found in the car; and in the house, which was without furniture, there was a large still with other apparatus, a large number of mash barrels, and quantities of sugar and whisky.

No claim of error was preserved and assigned, excepting that a verdict should have been directed for defendant—and this for two reasons: That the officers were not engaged in a lawful search or seizure, and that defendant did not know their official character. Passing by the objection that the bill of exceptions does not purport to contain all the evidence, and the further objection that there is no proof that defendant owned or had any rights in this house, these premises, or this automobile, it is clear that the action of the officers was lawful. They not only had reasonable cause to believe that the automobile contained contraband liquor which it was their duty to seize and that De Bonis was engaged in their presence in the transportation of this liquor, but there was no reasonable cause to doubt these conclusions.

De Bonis claims he thought the officers were robbers, and that he fired under that belief. Giving at least as much respect to this claim as it deserved, the court fairly left to the jury, as in that aspect controlling, the question whether De Bonis did hear and understand the warning that they were federal officers.

Complaint is made that the trial judge displayed a prejudice against defendant, or a belief in his guilt, to an extent which made the trial unfair. This complaint is without color of justification.

Complaint is also made of the language of the assistant district attorney in his closing address. This address went on until the speaker made a statement to which there was objection. The court promptly instructed him to confine himself to the record and instructed the jury to disregard the statement just made. Thereupon the address continued, in very objectionable form, contain-

ing abusive characterizations of defendant not justified by the record, and which would plainly have constituted a mistrial if objection had been made and if the court had not sufficiently cured the error. However, no objection was made, nor was this misconduct in any way called to the attention of the court. In Volkmor v. U. S., 13 F.(2d) 594, we reversed a conviction for language by the district attorney no worse than here used. Sufficient objection had indeed there been made; but we said that, in the situation there presented, the court should have interfered on its own motion. In this respect, each case must stand by itself, as we expressly pointed out in Billiter v. U. S., 23 F.(2d) 678, where we commented on the Volkmor Case, but reached the opposite result.[1] In the present case, as in every such case, not only may the judge have thought that interference on his own motion might do more harm than good, but it may have occurred, as it often does, that the primary attention of the judge was fixed for the moment upon the submitted requests to charge, or upon the general preparation of his charge, or was otherwise distracted from the language of counsel, while he assumed that his attention would be called to the argument whenever necessary; it had been once so called, and he had promptly made the proper ruling; defendant's counsel was fully competent; and the circumstances suggest to us, as they did in Carter v. Tennessee (C. C. A.) 18 F.(2d) 850, 853, that counsel thought it wiser not to make objection and obtain a correction, but rather to take his chances in the hope of an acquittal and to rely upon the error only in the case of conviction.

We are not satisfied in this case to overlook the absence of any objection or ruling.

The judgment is affirmed.

---

[1] See, also, our conclusions on this point in Hammerschmidt v. U. S., 287 F. 817, 824; Knable v. U. S., 9 F.(2d) 567, 569, 570.