## WRIGHT v. UNITED STATES.
### No. 12869.

United States Court of Appeals
Ninth Circuit.
Nov. 6, 1951.

Rehearing Denied Dec. 14, 1951.

Julien A. Hurley, and C. P. Coughlan, Fairbanks, Alaska, for appellant.

Everett W. Hepp, U. S. Atty., Hubert A. Gilbert, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before MATHEWS and STEPHENS, Circuit Judges, and McCORMICK, District Judge.

McCORMICK, District Judge.

On August 4, 1950, Raymond Wright and his wife, Vernestine Wright, jointly operated and lived in premises in Fairbanks, Alaska, known as "Club 69." In early

afternoon of that day and pursuant to the authorization of a search warrant, accredited law enforcement officials visited such premises in search of narcotics. Within the premises and in different parts thereof the officers found a packet containing sixteen marihuana cigarettes, and four tobacco cans also containing an additional small amount of marihuana. Raymond Wright was not personally present at the time of the search, but his wife, Vernestine, was in the premises of "Club 69" when the search was made and the marihuana was found therein.

After trial by jury upon an indictment jointly charging Raymond Wright and Vernestine Wright with violation on August 4, 1950, of Section 40-3-2 of the Alaska Compiled Laws Annotated, 1949, both defendants were found guilty of feloniously possessing and having under their control marihuana, a narcotic drug—as set forth in the indictment. Judgment of imprisonment for two years and for costs of the action was imposed upon the defendants. The judgment was suspended as to defendant Vernestine Wright. This appeal is solely by Raymond Wright.

The Government was permitted in its case in chief to introduce evidence over the objection of the defendant that he had marihuana in his possession at "Club 69" between April and August 1st of 1950, being on occasions prior to the date on which the crime charged in the indictment is alleged to have been committed. At the close of all of the evidence the defendant requested the trial judge to instruct the jury as to limited use by the jury of such evidence in the consideration of the case by them. The court expressed willingness to consider the giving of such an instruction to the jury if it were presented; however, none being forthcoming, no specific limiting instruction as to such evidence was given to the jury.

Appellant contends that the failure to give such a specific limiting instruction constitutes reversible error. We do not agree with such contention under the record before us. As above adverted to, no written request, as provided by Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A., for a limiting instruction was made. But aside from the requirements of Rule 30, *supra*, we think in the light of the clear, positive and explicit language of the instructions of the trial judge to the jury at the close of the evidence and after the arguments, the defendant cannot predicate error in the failure of the court to give a further limiting instruction as to the consideration by the jury of the evidence of earlier possession and dealings of defendant in marihuana than on the accusatory date alleged in the indictment.

The opening charge to the jury was in these words:

"Members of the Jury.

1.

"(a) The indictment in this case charges: That on the 4th day of August, 1950, in the Fourth Judicial Division, Territory of Alaska, Raymond Wright and Vernestine Wright feloniously and knowingly had possession of and under their control a narcotic drug, to wit—marijuana. From the above, the jury will note that the possession of a narcotic drug mentioned in the indictment must be known to a defendant at the time and place mentioned in said indictment in order that he or she may be guilty of the crime charged."

This was amplified by the following direction:

"4.

"The jury is instructed:

"(a) That as to either of the defendants, if the jury finds that the evidence in this case has failed to prove beyond a reasonable doubt any allegation of said indictment, as mentioned in instruction number 1 (a) herein, the jury should find such defendant not guilty of the crime charged in the indictment.

"(b) The jury is instructed that if they find, as to either of the defendants, that the evidence in this case proves beyond a reasonable doubt that said defendant is guilty of the crime charged in the indictment and as set forth in instruction number 1 (a) hereof, the jury should find such defend-

ant guilty of the crime charged in the indictment herein."

These pointed decretory words of the charge inhibited the jurors from deviating from the course charted for them in the indictment and clearly kept the jury within the real issues of the trial.

Appellant, however, argues in the brief that the evidence of his possession and dealing in marihuana prior to August 4, 1950, was not admissible in the case and that its reception over his objection constitutes reversible error by the court below. In support of his claim in this regard appellant cites Smith v. United States, 9 Cir., 10 F.2d 787.

A reading of this earlier decision of this court obviously indicates its dissimilarity to the situation in the record before us in this appeal. In the Smith case, supra, the evidence of previous violations of law came as rebuttal to a denial by the accused on his cross-examination, while in this case, as we have previously stated, the evidence objected to was produced by the prosecution in its case in chief. The evidence in no sense was offered or received as impeachment.

No rule of criminal law has been more generally established in our jurisprudence than that when a defendant is on trial for one specific offense, evidence of a distinct offense unconnected with that charged in the indictment, is not admissible. There are, however, recognized exceptions to this general rule, and one, applicable to the situation in the case at bar, is that in the prosecution of possessive offenses where it is essential to prove the defendant's knowledge, evidence of previous possession of the contraband material is admissible. Stein v. United States, 9 Cir., 166 F.2d 851.

The finding of the marihuana in the Wrights' premises on August 4, 1950, at a certain time when appellant was not personally at the premises, did not render proof of his knowledge of such possession on August 4, 1950, unnecessary. The public character of "Club 69" and its promiscuity of social resort made the evidence of appellant's prior possession and dealing in marihuana particularly relevant and material in the case.

Appellant further complains and argues error because the court in its ruling limited his cross-examination of the witnesses who gave testimony as to his prior possession and dealing in marihuana. He was given reasonable latitude in his endeavor to show bias and prejudice against appellant by such witnesses, and we think the trial judge was justified in placing the limitation he did on the cross-examination of such witnesses.

A careful consideration of the entire record, including the instructions to the jury, does not warrant reversal. Accordingly the judgment is affirmed.