Kenneth John BERRY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17751.

United States Court of Appeals Fifth Circuit.

Nov. 23, 1959.

Rehearing Denied Dec. 21, 1959.

3. See Beacon Theatres, Inc. v. Westover, 1959, 359 U.S. 560, 79 S.Ct. 948, 3 L.Ed.2d 988.

Leonard Moriber, Miami, Fla., for appellant.

Lavinia L. Redd, Asst. U. S. Atty., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, TUTTLE and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

Appealing from his conviction and sentence on a one count indictment charging him with causing the transportation in interstate commerce of a falsely made and forged security with unlawful and fraudulent intent, knowing the same to have been falsely made and forged, defendant is here urging two specifications of error.

One of these is that a judgment of acquittal should have been, and should be here, directed. The other, in the alternative, is that the judgment should be reversed and the cause remanded because of the admission of evidence, tending to prove the commission of other offenses than the one charged, and the failure to instruct the jury as to the limited purpose and effect of such evidence.

■ As to the first ground of error, with respect to which the appellant confidently relies on the Hubsch case from this court, Hubsch v. United States, 256 F.2d 820, appellee points out that in that case the instrument was a check on a bank and the defendant, admitting that he had made and signed the instrument, claimed only that in executing it he had not committed forgery because he had signed his own name, though an alias, while here the instrument was a travelers check and the defendant, disputing the testimony of the government's witnesses, denied that he had signed it or had had anything to do with it.

■■ As to the claimed procedural grounds of error, appellee points out that the evidence complained of was in itself admissible as tending to prove knowledge or intent. Ehrlich v. United States, 5 Cir., 238 F.2d 481; Anthony v. United States, 9 Cir., 256 F.2d 50; that the defendant did not object to its admission or request or suggest any limiting instructions; and that it has been held that failure to give such limited instructions is not error. Fowler v. United States, 5 Cir., 242 F.2d 860; Wright v. United States, 4 Cir., 192 F.2d 595.

We find ourselves in complete agreement with these views. The Hubsch case was not intended to, it did not, go beyond the "true name" doctrine. Marteney v. United States, 10 Cir., 216 F.2d 761; Greathouse v. United States, 4 Cir., 170 F.2d 512; cf. Edge v. United States, 5 Cir., 270 F.2d 837. The uncontradicted testimony in the Hubsch case showed that Hubsch made and passed the instrument in question and that he did not deny this but, on the contrary, freely admitted that he did, and the argument which this court sustained as to one count was; that A. A. Weinstein was his alias, a name by which he was otherwise known and called; and that, without more, the drawing of a check in his own name on a bank in which he had no funds, though it would be a fraud or swindle, was not under the "true name" doctrine a forgery.

 Far from asserting that defense here, appellant testified in his own behalf that he had not possessed or had anything to do with the travelers check in question. He did not at any time testify, nor does he now claim, that he had used as his, or had any connection as an alias with, the name Irving Rubin, appearing on the travelers checks. Besides what is in question here is not an ordinary check but a travelers check which, though it requires for negotiation the signature of the person to whom it is issued, is, when issued and signed by the payee, complete against, and cannot be countermanded by, the issuer. Pines v. United States, 8 Cir., 123 F.2d 825. Such checks are cashed, not upon the credit of the persons negotiating them but upon the credit of the issuer and the correspondence of the endorsement of the negotiator with the signature on the face of the instrument. In the case, therefore, of such instruments, the first negotiator, if not the person to whom the check was issued, is necessarily a forger.

No reversible error attended the trial. The judgment was right and it is affirmed.