**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Benjamin Franklin RAYBORN,**
**Defendant-Appellant.**

**No. 14833.**

United States Court of Appeals
Sixth Circuit.

Dec. 4, 1962.

340

Thomas H. Crush (Court Appointed), Nichols, Wood, Marx & Ginter, Cincinnati, Ohio, for appellant.

Carrol D. Kilgore, Asst. U. S. Atty., Nashville, Tenn., Kenneth Harwell, U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before McALLISTER, Circuit Judge, and BOYD and TAYLOR, District Judges.

PER CURIAM.

The appellant prosecutes this appeal pro se, having been convicted by a jury of bank robbery in violation of Title 18 U.S.C. § 2113 and sentenced to eighteen years imprisonment. The appellant in the trial court also represented himself, despite repeated suggestions by the court that he accept the services of counsel. His role in the robbery herein was not questioned in the court below, but under a plea of not guilty the defense of insanity was interposed. In support of this defense appellant urged that due to circumstances surrounding a former incarceration in a Kentucky institution, from which he was released on appeal, he became so embittered that he felt justified in resorting to robbery to recompense himself for this wrongful imprisonment.

The appellant assigns as error on this appeal his having been cross-examined by counsel for the Government concerning his part in a prison riot in Kentucky and concerning other matters bearing upon his past misdeeds. Since these inquiries related directly to the defense of insanity, however, it appears from the record that the appellant had laid the foundation for such inquiries and cannot now claim this was error. In the light of the issues presented and especially since there was no objection by appellant the line of cross-examination herein did not constitute error. See Banning v. United States, 130 F.2d 330 (C. A. 6) 1942, cert. denied, 317 U.S. 695, 63 S.Ct. 434, 87 L.Ed. 556 and Grant v. United States, 255 F.2d 341 (C.A. 6) 1958, cert. denied, 358 U.S. 828, 78 S.Ct. 48, 3 L.Ed.2d 68. Moreover, had such procedure constituted error, we are constrained to find from an examination of the entire record that it was not prejudicial and therefore harmless. Rule 52(a), Federal Rules of Criminal Procedure, Title 18, U.S.C.

The appellant also argues on this appeal that certain remarks of Government counsel in closing argument to the jury were inflammatory and so prejudicial as to deny him a fair trial. No timely objection to same was interposed by appellant. Assuming the impropriety of the argument aforesaid, appellant, by not registering timely protest, waived his objection thereto. There were no exceptional circumstances, when the record is considered in its entirety, which would warrant this court's taking notice thereof on its own initiative. This was not a close case, but one in which evidence to support the defense of insanity was in no sense substantial. United States v. Socony-Vacuum Oil Company, 310 U.S. 150 at page 239, 60 S.Ct. 811, 84 L.Ed. 1129; Chadwick v. United States, 141 F. 225 at page 246 (C.A. 6) 1905; Knable v. United States, 9 F.2d 567 at pages 569–570 (C.A. 6) 1925; DeBonis v. United States, 54 F.2d 3 (C.A. 6) 1931, cert.

denied, 285 U.S. 558, 52 S.Ct. 458, 76 L.Ed. 946; Stephan v. United States, 133 F.2d 87 (C.A. 6) 1943, cert. denied, 318 U.S. 781, 63 S.Ct. 858, 87 L.Ed. 1148. There was no such studied persistence or repetition of inflammatory remarks as was found in Pierce v. United States, 86 F.2d 949 (C.A. 6) 1936; nor was there such palpably prejudicial comment to the jury as was found in Ippolito v. United States, 108 F.2d 668 (C.A. 6) 1940.

The District Court's conduct of the trial was featured by judicious indulgence and was imminently fair at every stage of the proceeding.

There being no reversible error, the judgment of the District Court is affirmed.