Alejandrino **DIAZ–ROSENDO** and Antonio Daniel Marrero-Perez, Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 20501.

United States Court of Appeals
Ninth Circuit.

Aug. 23, 1966.

Wm. Bryan Osborne, Los Angeles, Cal., for appellants.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges, and CROCKER, District Judge.

JERTBERG, Circuit Judge.

Following trial to a jury, appellants were convicted on both counts of a two count indictment. The first count alleged that appellants, hereinafter named Diaz-Rosendo and Marrero-Perez, and one Munoz, and one Murrillo, and other persons to the Grand Jury unknown, agreed and conspired together to commit offenses against the United States, namely: knowingly and with intent to defraud the United States, to import and bring marijuana into the United States from Mexico; to knowingly smuggle and introduce marijuana into the United States without entering and declaring said marijuana as required by law; and to conceal and facilitate the concealment and transportation of marijuana which had been imported into the United States contrary to 21 U.S.C. § 176a. It was also alleged that the defendant, Murrillo, committed the overt act of entering the United States from Mexico in an automobile containing approximately 116 pounds of marijuana.

The second count alleged that Murrillo, with intent to defraud the United States, knowingly smuggled into the United States from Mexico approximately 116 pounds of marijuana and unlawfully imported the said marijuana, and that the appellants and said Munoz knowingly aided, abetted, and procured the commission of the offense. [18 U.S.C. § 2(a)].

Only the appellants were involved in the trial. At the conclusion of the government's case, appellants moved the District Court for a judgment of acquittal, which was denied, and at the conclusion of all of the testimony and subsequent to the return of the verdicts of guilty, the motion for acquittal was renewed and was again denied.

Appellant, Diaz-Rosendo, was committed to the custody of the Attorney General for a period of fifteen years, and appellant, Marrero-Perez, was commit-

ted to the custody of the Attorney General for a period of five years.

On this appeal, appellants contend that the District Court erred in failing to grant their motions for judgment of acquittal on the ground that the evidence was insufficient to sustain the judgments of conviction, and that the trial court erred in admitting into evidence, as an exhibit, a plastic bag containing a minute quantity of marijuana debris.

The specifications of error require that we review the evidence on which the jury based its guilty verdicts. The facts are not in dispute, and we present the following summary of the evidence which is set forth in the light most favorable to sustain the convictions.

On January 24, 1965, an automobile was searched at the Port of Entry at San Ysidro, California, by a United States Customs Inspector. The inspector found 57 packages concealed in various portions of the vehicle. A Customs chemist testified that certain envelopes contained marijuana, and it was stipulated that those envelopes contained matter taken from the 57 packages.

The vehicle contained three persons, including the driver, Juan Munoz, and two passengers, Thomas Lara Murrillo and Elmira Amador. Munoz had in his pocket a piece of paper containing the name of the Hollywood Center Motel and the name of a street. The glove compartment of the vehicle contained a matchbook with the same street and Hollywood Center name appearing upon the piece of paper.

A Customs agent transferred all but one of the packages to the possession of another officer, left one package in the vehicle, and drove the vehicle to Los Angeles with Thomas Murrillo as a passenger.

In Los Angeles, the agent left the vehicle. A Federal Bureau of Narcotics agent entered the vehicle and proceeded to the Hollywood Center Motel on Sunset Boulevard with Murrillo. They parked in front of the Hollywood Center Motel.

At about 6:20 p. m. on the same day, appellants Diaz-Rosendo and Marrero-Perez were observed by the agent and two Customs agents. Diaz-Rosendo was driving a 1964 Ford. Marrero-Perez was a passenger. Appellants both looked toward the parked vehicle which was facing toward the east, and they were driving in a westerly direction.

About ten minutes later appellants arrived on foot and walked up to the passenger side of the parked vehicle, where Murrillo was seated. Murrillo said "hello" to both. Appellant Diaz-Rosendo shook hands with Murrillo.

Murrillo asked Diaz-Rosendo, "Have you got the money?" Diaz-Rosendo replied "Yes; everything is all right. Everything is set." During the conversation Diaz-Rosendo told the agent to move the vehicle around the corner. Appellant Marrero-Perez was about a foot and a half from Diaz-Rosendo during the conversation.

As appellants walked away from the car they were arrested. Appellant Diaz-Rosendo, refused to make a statement. Appellant Marrero-Perez, stated that he had known his co-appellant for a short time and that they had made a trip to Las Vegas, Nevada, together; that they had been driving around on the night of the arrest but he did not know why his co-appellant had driven to the vicinity of the Hollywood Center Motel.

On the following day the automobile in which appellants had been riding was searched, and a plastic bag bearing the label of the Tropicana Hotel in Las Vegas was found on the passenger side of the automobile. The bag contained a minute quantity of marijuana debris. The plastic bag, with its content, was received in evidence over the objections of appellants. A witness testified that appellant Marrero-Perez had lived with him in Los Angeles for two years, and stated that during those two years he had never seen appellant Diaz-Rosendo.

The foregoing summarizes the government's case.

Appellants did not testify or present any witnesses.

We first consider the sufficiency of the evidence as it relates to appellant Marrero-Perez. He was a passenger in an automobile driven by his co-appellant. He was present when the conversation occurred between his co-appellant and Murrillo. He did not participate in the conversation between his co-appellant and Murrillo. Whether he overheard the conversation is a matter of surmise and speculation. On the day following his arrest, a plastic bag containing a minute quantity of marijuana debris was found on the passenger side of the automobile in which Marrero-Perez had been a passenger the day before.

■ The foregoing summary constitutes the government's case against Marrero-Perez. In our view it falls far short of establishing that appellant Marrero-Perez was a member of the conspiracy set forth in Count One of the indictment.

■■ Count Two of the indictment charges that Marrero-Perez aided, abetted or procured Murrillo to commit the offense therein set forth. Again, the evidence against Marrero-Perez is woefully insufficient. Guilt cannot be established by mere association.

"But knowledge that a crime is being committed, even when coupled with presence at the scene, is generally not enough to constitute aiding and abetting. In Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949), the Supreme Court said, quoting Judge Learned Hand in United States v. Peoni, 100 F.2d 401, 402 (2 Cir. 1938):

'In order to aid and abet another to commit a crime it is necessary that a defendant "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." ' ".

United States v. Garguilo, 310 F.2d 249 (2d Cir. 1962), at 253.

The conviction of appellant Marrero-Perez must be, and the same is hereby vacated, and the cause remanded to the District Court with instructions to dismiss the indictment against him.

■ The evidence as it relates to appellant Diaz-Rosendo is slightly stronger than the evidence as it relates to appellant Marrero-Perez, and perhaps strong enough to sustain the conviction. We believe, however, that the District Court committed reversible error in admitting in evidence, over objection, the minute quantity of marijuana debris found in a plastic bag in his car. We do not see how, or in what manner, it can be said that whatever crime may have been committed in the possession, transportation, or concealment of such marijuana, it in any way relates to or tends to prove the commission of the separate and distinct crimes set forth in the indictment. The general rule is well established in this Circuit, as elsewhere, that when a defendant is on trial for a specific offense, evidence of a distinct offense unconnected with that charged in the indictment is not admissible. Wright v. United States, 192 F.2d 595, 13 Alaska 513 (9th Cir. 1951); Bowie v. United States, 345 F.2d 605 (9th Cir. 1965).

In our view, under the facts of this case, such evidence is not admissible under any of the recognized exceptions to the general rule, and its admission over objection constitutes prejudicial and reversible error.

The judgment of conviction of appellant Diaz-Rosendo is vacated, and the cause is remanded to the District Court with instructions to grant him a new trial.