Lloyd **HARRISON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 24432.

United States Court of Appeals
Fifth Circuit.

Jan. 2, 1968.

Daniel S. Pearson, Miami, Fla., for appellant.

Michael J. Osman, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and HANNAY, District Judge.

HANNAY, District Judge:

The offense is transferring a quantity of heroin not in or from the original stamped package and otherwise than pursuant to a requisite order. Title 26,

U.S.C.A., Sections 4704(a) and 4705(a). The punishment is five years imprisonment. We affirm for the following reasons.

### I.

■ Appellant contends that he was denied effective assistance of counsel because his court appointed trial counsel had *previously* (Emphasis added throughout) defended the government's informer and main witness. It is undisputed that this questioned previous representation concerned a past and wholly separate case. See: Olshen v. McMann, 2 Cir., 378 F.2d 993. No showing of prejudice to Appellant is made here. In the absence of a clear and specific showing of prejudice, the issue is controlled by the criteria governing constitutionally effective assistance of counsel. The record here negatives the Appellant's claim on this point. On the contrary, Appellant was helped rather than harmed by this coincidence in light of his counsel's efforts during the trial.

### II.

The Appellant contends that testimony of the government's witness concerning prior purchases of narcotics from him was improperly admitted into evidence and further that the trial judge's failure to charge the jury on the limited purpose of such evidence was reversible error notwithstanding Appellant's failure at the trial to request such an instruction.

The record shows that the defense on cross-examination questioned the witness and the matter of prior indebtedness between the witness and the Appellant was thereby brought out. The prosecution thereupon probed into this question of prior indebtedness between the parties and thereby developed that there had been a number of narcotic transactions between the parties.

■ Where a witness has been cross-examined as to a part of a transaction then the whole thereof, to the extent that it relates to the same subject matter, may be elicited on redirect examination. Kowalchuk v. United States, 6 Cir., 176 F.2d 873; Zacher v. United States, 8 Cir., 227 F.2d 219; United States v. Brecher, 2 Cir., 242 F.2d 642; United States v. Davis, 7 Cir., 262 F.2d 871.

■ In the absence of a request for an instruction as to the limited purpose and effect of evidence tending to prove commission of offenses other than the offense charged, the refusal of the trial court to give such an instruction is not error. Berry v. United States, 5 Cir., 271 F.2d 775, citing Fowler v. United States, 5 Cir., 242 F.2d 860 and Wright v. United States, 9 Cir., 192 F.2d 595, 13 Alaska 513.

■ Under the facts and circumstances of this case, instant issues come squarely within the aforementioned authorities.

### III.

Appellant assigns as error the following charge to the jury:

" * * * a witness is presumed to speak the truth, but this presumption if indulged in may be outweighed by the manner in which the witness testified, by the character of the testimony given, or by contradictory evidence."

■ The Appellant as well as the adverse witnesses testified. During the trial no objection was made to the jury instruction in question. Whatever advantage provided by this charge accrued equally to each witness, including Appellant, who testified. See and compare: United States v. Meisch, 3 Cir., 370 F.2d 768 and United States v. Johnson, 3 Cir., 371 F.2d 800.

### IV.

Lastly, Appellant assigns error resulting from a request by the jury foreman in open court that the testimony of one of the government's agents be clarified.

■ The reopening of a criminal case in order to either present omitted evidence or to read prior testimony after the submission of the case to the jury is within the discretion of the trial judge. United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654; Jianole v. United States, 8 Cir., 299 F. 496; Henry v. United States, 6 Cir., 204 F.2d 817.

What was done here was done at the request of the jury and for its own enlightenment; it was done with the affirmative approval of the accused's counsel and in the accused's presence. The testimony thereupon elicited from the witness was unobjected to and was subject to any cross-examination desired by the defense either as to the substance of the testimony or discrepancy in it. There is no argument or appearance that such was denied by either the trial court or by the circumstances of the case. The foregoing circumstances, which clearly bespeak fundamental fairness in the trial of a criminal case, do not come within the constitutional proscriptions of Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 and Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed. 2d 314, concerning the denial of confrontation and cross-examination of adverse witnesses.

The judgment below is affirmed.