**Walter Emmett MAXTED, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 22773.**

United States Court of Appeals Ninth Circuit.

Jan. 7, 1969.

———◆———

Frank N. Nemser, of Mulder & Nemser, Lemon Grove, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Joseph A. Milchen, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and CRARY,* District Judge.

* Honorable E. Avery Crary, United States District Judge, Central District of California, sitting by designation.

DUNIWAY, Circuit Judge:

Maxted appeals from a judgment convicting him under four counts of an indictment charging him with violations of 21 U.S.C. § 176a, sale of marijuana and concealing and facilitating the transportation and concealment of marijuana, knowing that it had been unlawfully brought into the United States. The sole claim of error is that certain testimony regarding other wrongful acts of Maxted was erroneously admitted.

Two transactions were involved, one on June 17, 1966, and one on July 11, 1966. Each involved a purchase of marijuana by an undercover agent, Katz, through one Wilson. Maxted delivered the marijuana. After the government rested, Maxted opened his case by calling another government agent, Saiz. On direct, Saiz testified that he had known Maxted for two and a half years, that Maxted had worked with him as an informant, helping to determine who were traffickers in narcotics, that Maxted did this a number of times, that he introduced Saiz to a trafficker from whom Saiz made a buy, that Maxted cooperated and did as he was instructed. On cross-examination, Saiz was asked if he knew why Maxted was working for the Bureau of Narcotics. To this an objection, on grounds of hearsay, was sustained.

When Maxted took the stand, he testified on direct that in 1966, up to June 17, he worked as informant for the Federal Bureau of Narcotics in San Diego, and specifically with agents Cantu and Baca. (Baca was one of the watching agents who saw part of the July 11 transaction.)

■ On cross-examination, Maxted testified that he terminated his employment with the Bureau in Los Angeles in March, 1966. He was not actually employed by the Bureau, but acted as an informer. When he was next asked why he so acted there was an objection: "the same objection applies here that applies to Mr. Saiz, and I so object." Thus the objection was on "hearsay" grounds; it was overruled. The objection was bad; Maxted was asked about his own knowledge, not what someone else had told him. If United States v. Pennix, 4 Cir., 1963, 313 F.2d 524, can be read as a contrary holding, we decline to follow it. Maxted then said that he "had a possession-of-marijuana charge; it * * * originated in Lemon Grove, California," that he was arrested for possession of marijuana by state authorities. The objection having been bad, we are not required to go further.

■ It is urged, however, that the matter is so prejudicial that we should reverse, even though the objection was insufficient. We find no error here. Maxted, by examining Saiz and by his own testimony, appeared to want the jury to believe that he had been acting as a good citizen, helping the government in its efforts to stamp out the traffic in marijuana. It then became perfectly proper for the government to bring out the real reason for what he did. See United States v. Rayborn, 6 Cir., 1962, 310 F.2d 339, 340; Banning v. United States, 6 Cir., 1942, 130 F.2d 330, 338; cf. Alford v. United States, 1931, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624; United States v. D'Antonio, 7 Cir., 1966, 362 F.2d 151, 154. No case cited by appellant involved a comparable state of facts. See DeVore v. United States, 9 Cir., 1966, 368 F.2d 396; Diaz-Rosendo v. United States, 9 Cir., 1966, 364 F.2d 941, 944; Enriquez v. United States, 9 Cir., 1963, 314 F.2d 703; Government of Virgin Islands v. Oliver, 3 Cir., 1966, 360 F.2d 297.

Affirmed.