UNITED STATES of America ex rel.
Joseph KACHINSKI, Petitioner,

v.

A. C. CAVELL, Superintendent, State Correctional Institution at Rockview,
Respondent.

No. 1048.

United States District Court,
M. D. Pennsylvania.

Dec. 17, 1969.

Joyce Ullman, Philadelphia, Pa., for petitioner.

Joseph J. Cimino, Dist. Atty., Robert W. Munley, Asst. Dist. Atty., Lackawanna County, Scranton, Pa., for respondent.

## MEMORANDUM

NEALON, District Judge.

Before the Court is a petition for a Writ of Habeas Corpus filed by Joseph Kachinski, a former inmate at the State Correctional Institution, Rockview Pennsylvania, who is currently on parole. Following a jury trial in 1966, Kachinski was found guilty and sentenced by the Court of Quarter Sessions of Lackawanna County, Pennsylvania, to a prison term of 2½–5 years for various crimes involving the theft of a motor vehicle in 1965. Petitioner's first trial in February, 1966, ended in a hung jury. His second trial in June, 1966, resulted in a conviction on all counts of the indictment, from which an appeal was taken to the Pennsylvania Superior Court, but was later voluntarily withdrawn. Counsel for Kachinski at both trials was Leona Lenczycka, Esq., a member of the Lackawanna County Bar. The present Habeas Corpus petition is a result of this representation since Attorney Lenczycka had previously represented a Commonwealth witness at petitioner's trial.

Prior to the filing of this petition, however, Kachinski presented Post-Conviction petitions to the Pennsylvania State Courts. While his original petition before the Lackawanna County Courts was based on another contention not advanced here, petitioner did file an amended petition raising the denial of his constitutional right to effective assistance of counsel on March 1, 1968, the same day his original Post-Conviction petition was denied. A hearing was held on the amended petition and subsequently the Lackawanna County Court denied the petition which was affirmed per curiam on August 9, 1968, by the Superior Court of Pennsylvania. Later the Supreme Court of Pennsylvania denied petitioner's application for allowance of appeal. This petition followed with no dispute as to petitioner having exhausted his State remedies. No evidentiary hearing was held on the petition as it was evident that the State's fact-finding process was full and fair and since petitioner's principal quarrel was with the State Court's application of the law. 28 U.S.C. § 2254 (d); Townsend v. Sain, 372 U.S. 293, 318–319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Darrah v. Brierley, 415 F.2d 9 (3rd Cir. 1964). In deciding petitioner's claim, we have had the benefit of examining all pertinent State Court records, including the indictments, both trial transcripts, sentence and appeal proceedings, both Post-Conviction petitions and answers thereto, both transcripts of the hearings on the petitions and all briefs filed at appropriate stages.

I

Attorney Lenczycka was retained by Kachinski's Mother to represent him at both of his trials. At the first trial one of the witnesses testifying on behalf of the Commonwealth was James Piazza. When Piazza was called to testify he repudiated a prior statement given to the State Police that Joseph Kachinski was the driver of the stolen car in question and that Kachinski admitted to him that he stole the car. Also at the first trial, Kachinski testified on his own behalf, generally denying commission of the crime and offering, in essence, an alibi defense to the Commonwealth's case. The jury in this trial was unable to reach a verdict and they were dismissed.

At the second trial, James Piazza contradicted his testimony given at the first trial and generally testified that Kachinski was driving the stolen car and that Kachinski had admitted stealing the car

to him. Petitioner also testified at the second trial in conformity with his testimony at the first trial. The jury found Kachinski guilty at the conclusion of this second trial.

Attorney Lenczycka had previously represented James Piazza in other matters before the Court of Quarter Sessions of Lackawanna County. This occurred when Piazza entered a plea of guilty on March 25, 1965, to three indictments returned against him by the Grand Jury in January, 1965, for drag racing and operating a motor vehicle without a license and while under suspension. On August 6, 1965, he was sentenced to a term of eighteen months in the Lackawanna County Prison, from which he was paroled in December, 1965, In April, 1967, his sentence having expired, Piazza was released from the terms of his parole.

Based on these facts, Kachinski submits that a conflict of interest existed on the part of his counsel and, consequently, that he was denied the effective assistance of counsel at his trial.

## II

█ The general rule of law is that a defendant is denied his constitutional right to the assistance of counsel if his attorney represents conflicting interests without his knowledge and consent. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The issue before me is whether or not a conflict of interest existed because defendant's trial counsel had on a former occasion represented a prosecution witness presented by the Commonwealth.

█ It appears that such a question has not yet been decided in the Third Circuit, although at least two other Circuit Courts of Appeals have taken a nega-

tive viewpoint on this issue. E.g., Harrison v. United States, 387 F.2d 614 (5th Cir. 1968); Olshen v. McMann, 378 F.2d 993 (2d Cir. 1967). Judge Waterman pointed out in the Olshen case that " * * * the primary, if not the only, factor which might deter counsel from staging an effective defense would be his reluctance to divulge or to make use of the knowledge derived from the confidential communications of his former client." In that case, the witness had waived the attorney-client privilege by admitting his part in the crime prior to trial and thus no conflict of interest arose with respect to the Attorney's representation of his second client. So, too, in this case, Piazza waived any existing attorney-client privilege by making a statement to the police about what he knew of the crime Kachinski was accused of committing; thus, no barrier existed to prevent counsel from effectively questioning Piazza on behalf of petitioner. This is especially true in this case since Piazza was represented by Attorney Lenczycka for entirely unrelated offenses at a completely different term of Court.[1] See, Harrison v. United States, supra. In addition, there is nothing in the record to establish that the cross-examination of Piazza by petitioner's counsel was anything but adequate or that counsel's full legal talents were not used on behalf of Kachinski.

Accordingly, I conclude that no conflict of interest existed on the part of counsel for Kachinski at the time of his trial in June, 1966, and thus he was not denied the assistance of counsel. For this reason, the petition for a Writ of Habeas Corpus will be denied.

In my opinion, probable cause exists for appeal.

---

1. The fact that counsel never formally withdrew as Attorney for Piazza after he pleaded guilty on August 6, 1965, is not sufficient to establish a conflict of interest in this case. There is nothing to show that Attorney Lenczycka continued to act as Piazza's Attorney after August, 1965.