**UNITED STATES of America, Appellant,**

v.

**George Joseph ORITO, Appellee.**

**No. 24255.**

United States Court of Appeals, Ninth Circuit.

April 20, 1970.

Rehearing Denied May 26, 1970.

Before BROWNING, DUNIWAY and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was convicted by a court sitting without a jury of knowingly receiving obscene materials from a common carrier. 18 U.S.C. § 1462. His counsel stipulated, and rightly, that the materials involved were not protected by the First Amendment. Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967); Ginzburg v. United States, 383 U.S. 463, 499 n. 3, 86 S.Ct. 942, 16 L.Ed.2d 31 (Stewart, J., dissenting).

Appellant defended on the ground that, though he had received the materials, he did not know that they were obscene. The Government presented evidence to show that, a week before the offense with which he was charged, appellant had prepared and mailed to himself a shipment of similar obscene materials. In addition, three prior misdemeanor convictions for possession of obscene materials were introduced. All this was admissible under the rule that prior similar acts, whether or not criminal, are admissible to show knowledge. Asher v. United States, 394 F.2d 424 (9th Cir. 1968); Wright v. United States, 192 F.2d 595, 13 Alaska 513 (9th Cir. 1951). There was sufficient evidence to support a finding of knowledge.

Appellant complains that the trial judge required the production of handwriting examplars as a condition of bail. Whether this was proper, we do not decide. Cf. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). But appellant cannot assert the error, if it was one, for as to him we think it clearly harmless. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The compelled exemplars were relevant only to determining whether the shipping labels on the prior shipment of obscene materials had been prepared by appellant. But the expert who testified at the trial based his conclusion that appellant had prepared the shipping labels

Burton Marks, Los Angeles, Cal., for appellant.

Henry J. Novak, Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

solely on *other* samples of appellant's handwriting—not on the exemplars produced pursuant to the court's order. (R.T. 196). Hence no prejudice to appellant is shown.

 It is a complete answer to defendant's claim of an unlawful search and seizure that none of the evidence so obtained, or its fruits, was introduced at trial.

Affirmed.