**UNITED STATES of America**
**v.**
**Richard Steverson BLOUNT.**
**Crim. A. No. 31611.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Sept. 18, 1970.

Robert L. Livingston, Jr., Asst. U. S. Atty., New Orleans, La., for the United States.

John P. Keegan, New Orleans, La., for defendant.

HEEBE, District Judge:

Defendant was indicted under 18 U.S. C. § 2314 on four counts of transporting securities in interstate commerce with intent to defraud and with knowledge that the securities were forged. The securities alleged to have been so transported were four Travelers checks signed by "Joyen Lytje."

The issue now before the Court is whether the government can compel defendant to submit a handwriting exemplar in a prosecution for transportation of forged or falsely made securities as detailed in 18 U.S.C. § 2314. Defendant opposes the submission of such an exemplar for three reasons, all of which the Court rejects.

Defendant's first contention is that he will be compelled to trade off his Fifth Amendment privilege against self incrimination against his Sixth Amendment right to a speedy trial if he is required to submit a handwriting sample. Recent Supreme Court cases, however, lead to the conclusion that Fifth Amendment rights are not violated if a defendant is compelled to submit a handwriting exemplar. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d

908 (1966), held that the Fifth Amendment only prohibits the compulsion of communicative or testimonial evidence from a defendant and that "compulsion which makes a suspect or accused the source of 'real or physical evidence'" (at 763–764, 86 S.Ct. at 1832) is beyond the reach of the Fifth Amendment privilege.

The production of a handwriting exemplar has been specifically held to be such an identifying physical characteristic. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Similarly, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the companion case to *Gilbert,* held that compelling an accused to utter words spoken by the alleged thief was not within the scope of the privilege since it, like compulsion to submit to fingerprinting, photography, to *write for identification,* to appear in court or to make a particular gesture, was an identifying physical characteristic. *Wade, supra,* at 223, 87 S.Ct. 1926.

Since compulsion of handwriting specimens does not abridge the privilege against self incrimination, there can be no trade off between this Fifth Amendment right and the Sixth Amendment right to a speedy trial. Because defendant did not allege that his Sixth Amendment rights had been violated independently of this trade off, the Court refrains from considering whether the defendant has been denied his constitutional right to a speedy trial.

■ Defendant's second argument is that the government has no reason to require a handwriting exemplar since it is under no obligation to prove that the checks were forged. Defendant's argument, however, is refuted by the wording of the indictment and the statute under which he is charged. 18 U.S.C. § 2314. The indictment charges that defendant transported *forged* Travelers checks in interstate commerce in contravention of § 2314 which makes it unlawful to so transport "with unlawful or fraudulent intent * * * any falsely

made, forged, altered, or counterfeited securities * * * knowing the same to have been falsely made, forged, altered or counterfeited." Since § 2314 prohibits the transportation of forged securities and 18 U.S.C. § 2311 defines securities to include travelers checks, proof of a forged signature on a travelers check is an element of a § 2314 offense.

Although defendant cites Berry v. United States, 271 F.2d 775 (5th Cir. 1959), for the proposition that prosecution under § 2314 does not oblige the government to prove that defendant forged the checks, that case offers no support for defendant's argument. *Berry* merely held that evidence which was offered in a § 2314 prosecution to prove the commission of other offenses, especially forgery, was admissible. The court briefly discussed the "true name" doctrine from Hubsch v. United States, 256 F.2d 820 (5th Cir. 1958), which held that drawing a check under an alias by which the defendant is otherwise known is not a forgery although it would be a fraud or a swindle. However, in United States v. Di Pietto, 396 F.2d 283 (7th Cir. 1968), vac. 394 U.S. 310, 89 S.Ct. 1164, 22 L.Ed.2d 297, reh. den. 394 U.S. 994, 89 S.Ct. 1451, 22 L.Ed. 2d 771 (1969), where money orders with the amount and payee's name blank were stolen, the court held that the defendant's insertion of a fictitious payee's name was a forgery. In another case where defendant also stole blank money orders and filled in a fictitious name as maker and a name as payee which he had previously used as an alias, the Fifth Circuit held the money orders to be forged and falsely made securities in violation of 18 U.S.C. § 2314. Castle v. United States, 287 F.2d 657 (5th Cir. 1961).

■ Defendant's third argument that the government already has a handwriting exemplar is also without merit. The only reference to a pre-existing specimen was contained in a copy of a complaint filed on May 13, 1968, in a separate action before another section

of this court which involved allegations similar to the present suit.

Since the procedure for obtaining a handwriting exemplar is benign and scientifically controlled, it would not be violative of due process to require an additional sample when the first sample was taken in a matter before another court and the record of that case does not include a copy of the specimen. Such duplication would not be so shocking as to offend due process unlike Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), where defendant was compelled to have his stomach pumped. Therefore, for the foregoing reasons,

It is the order of the Court that the government's motion to compel handwriting exemplars, be, and the same is hereby, granted.