**UNITED STATES of America,
Appellee,**

v.

**Emil TUCKER, Appellant.**

**No. 26063.**

United States Court of Appeals,
Ninth Circuit.

Dec. 8, 1970.

Jay Gold (argued), Robert Kasanof, New York City, John Clancy, San Francisco, Cal., for appellant.

Michael Lightfoot (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief., Crim. Div., John W. Hornbeck, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before DUNIWAY and CARTER, Circuit Judges and SWEIGERT, District Judge.*

PER·CURIAM:

The indictment in this case contains two counts charging violations of Title 18 U.S.C. § 2314. Count One charged, in substance, that on September 22, 1969, appellant caused to be transported from New York City to Los Angeles, five previously stolen General Motors stock certificates, evidencing 229 shares of common stock, and sixteen previously stolen stock certificates of American Telephone and Telegraph Company, evidencing 170 shares of common stock, of a total value of more than $5,000, knowing the same to have been stolen.

Count Two charged, in substance, that on September 30, 1969, appellant caused to be transported from New York City to Los Angeles, fifty-three previously stolen stock certificates, representing 3,013 shares of common stock in 25 corporations, of a value of more than $5,-000, knowing the same to have been stolen.

After court trial without a jury, appellant was found guilty on both counts and sentenced to a term of three years on each count, the terms to be served concurrently.

The evidence was to the effect that the stock certificates transported by appellant between New York and Los Angeles were part of a larger amount of stock stolen in March, 1969, from the Patterson, New Jersey residence of one O'Blenis and that the appellant knew they had been stolen.

## IMPROPER USE OF INCRIMINATING STATEMENTS

Appellant, relying mainly on Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, contends that during the pendency of this case and in the absence of his attorney the prosecution improperly elicited an incriminating statement from him and thereafter used the statement as evidence against him at the trial.

▌ We have examined the record on this issue and, without reciting the evidence in detail, we merely state that we are of the opinion that it is to the effect that the interview during which defendant made the statement in question, was sought, not by the government, but deliberately by the defendant, himself; that the statement was made voluntarily, on his own initiative and only after a United States Attorney had expressly inquired whether he desired the presence of his attorney to which inquiry defendant gave his assurance that he had already spoken to his attorney and that the attorney's presence was unnecessary; that defendant was fully informed of his constitutional rights; that there was no overreaching or other unfair tactic on the part of the government; that any right of appellant to have remained silent, or to have had his attorney with him, was clearly waived.

Under these circumstances *Massiah* is inapplicable. See, Reinke v. United States, 405 F.2d 228 (9th Cir. 1968); United States v. Dowells, 415 F.2d 801 (9th Cir. 1969); United States v. De Loy, 421 F.2d 900 (5th Cir. 1970); United States v. Garcia, 377 F.2d 321, 324 (2d Cir. 1967).

---

* Honorable William T. Sweigert, United States District Judge, Northern District of California, sitting by designation.

## EVIDENCE OF PRIOR SIMILAR ACT

Appellant next contends that evidence concerning a claimed prior similar act was erroneously introduced at the trial. Appellant concedes that he made neither objection to this evidence nor motion to strike it nor motion for a mistrial.

■ Again, without detailing the evidence on this issue, we conclude from the record that the evidence discloses a modus operandi similar to the conduct in question at the trial; that it was properly admitted on the issue of the knowledge and intent with which appellant did the acts charged against him and that this evidence was well within the bounds of sound discretion allowed a trial judge in admitting evidence of this kind. See, Hernandez v. United States, 370 F.2d 171 (9th Cir. 1966); Suhl v. United States, 390 F.2d 547 (9th Cir. 1968); United States v. Orito, 424 F.2d 276 (9th Cir. 1970); United States v. Klein, 340 F.2d 547 (2d Cir. 1965).

## PROOF OF STOLEN NATURE OF THE CERTIFICATES

Appellant next contends that the government's proof on the issue whether the stock set forth in the indictment had in fact been stolen was hearsay and, as such, improperly introduced over his objection.

This proof came into the record through the testimony of the witness, Bryson, daughter of the elderly owner of the stolen certificates; the witness testified that she had regularly kept a record book of dividends received on the stock owned by her father.

■ Without detailing her testimony, we conclude that this dividend record book (Ex. 1-A in the record), insofar as it had been regularly kept by the witness and her father, was clearly admissible under the Federal Business Records Act, Title 28 U.S.C. § 1732.

It is true the witness testified that she made additional entries after the burglary to show the certificate numbers of the various stocks; it is also true that this added detail was reconstructed by the witness on the basis of information obtained by her from the transfer agents and treasurers of the various companies.

■ It is not necesssry, however, to decide whether this subsequently added detail was hearsay, as contended by appellant, and as such, incompetent and inadmissible as purported proof of the stolen nature of the stock described in the indictment.

This is so because whatever may be the situation as to Count One, the government's proof of the stolen nature of the stocks described in Count Two of the indictment did not depend entirely upon the above-mentioned record book. (Ex. 1-A).

As to those fifty-three certificates the record shows that the witness, Bryson, examined them (Ex. 5) and clearly established them as the certificates stolen from her father's safe. When appellant objected to the admission of the exhibit on the ground that the witness had actually examined only three of the fifty-three certificates, the court directed her to examine all of them; she did so and testified that none of the endorsements thereon were her father's. Although she did not repeat her earlier testimony about the certificate having been in her father's safe, such was obviously the import of her testimony.

We conclude that the proof was clearly competent and sufficient as to Count Two.

Since the defendant, who was found guilty on both counts of the indictment was sentenced to 3 years on each count, these sentences to run concurrently, there is no need for determining whether there is any evidentiary defect with respect to the certificates described in Count One. This procedure has been previously followed by this court. See, United States v. Parker, 432 F.2d 1251 (9th Cir. Oct. 15, 1970); McCullough v. United States, 403 F.2d 1013 (9th Cir.

1968); Pasterchik v. United States, 400 F.2d 696 (9th Cir. 1968); Chavez v. United States, 387 F.2d 937 (9th Cir. 1967).

The judgment is therefore affirmed.